ELEHUE FREEMON, PRO SE
94657 Grange Rd,
Gold Beach, Oregon      97444
949 291 7422
AND
JUDY BACKHOUSE, PRO SE
94657 Grange Rd,
Gold Beach, Oregon      97444
949 291 0476
No Fax
No Email

FILED
ISSD SUM

2017 FEB 24  PM 3:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

# United States District Court
## Central District of California

ED CV17-00357 DSF (SK)

| | |
|---|---|
| Judy Backhouse and Elehue K Freemon | Case No. |
| | |
| **Plaintiff,** | **VERIFIED COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S. CODE § 1983** |
| | |
| **vs.** | **DEMAND FOR ATTORNEY SANCTIONS PURSUANT TO F.R.C.P 11, 37 and 28 U.S.C. §1927** |
| | |
| Attorney Andrew Weiss; Attorney John G, Wilcoxson; Judge Donna Gunnell Garza; Judge Michael A. Knish; Judge Arthur A. Harrison; Judge Annemarie G. Pace and DOES 1-10, inclusive | **DEMAND FOR JURY TRIAL** |
| | |
| **Defendants.** | |

FEE PAID

## I. JURISDICTION

1. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

COMPLAINT

1

2. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 because the events giving rise to this complaint happened in this District, Eastern Division.

## II. VENUE

3. Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this complaint happened in this district in the Superior Courts of San Bernardino.

## III. PARTIES

4. Plaintiff, ELEHUE K. FREEMON ("Plaintiff" Pro Se) was at all times relevant hereto, a resident of the State of California, County of San Bernardino. Plaintiff is a natural US citizen, unmarried and resides at 94657 Grange Rd, Gold Beach, Oregon, 97444.

5. Plaintiff, JUDY BACKHOUSE ("Plaintiff" Pro Se) was at all times relevant hereto, a resident of the State of California, County of San Bernardino. Plaintiff is a US citizen, unmarried and resides at 94657 Grange Rd, Gold Beach, Oregon, 97444.

6. Defendant, ATTORNEY ANDREW D. WEISS is an attorney of law at 26459 Rancho Parkway South Lake Forest, CA 92630, doing business in the County of San Bernardino. Representing Budget Transmissions, II, Inc. in San Bernardino.

7. Defendant, ATTORNEY JOHN G. WILCOXSON, ESQ, is an attorney of law at 120 Tustin Ave, C-1095, Newport, CA 92663, doing business in the County of San Bernardino. Represented Fox Farm Auto Spa and Automobile Club of Southern California.

8. Defendant is a Superior Court JUDGE DONNA GUNNELL GARZA presiding at San Bernardino Superior Court-Civil, 247 West Third Street, S-23, San Bernardino, California 92415. Trial Judge.

9. Defendant JUDGE MICHAEL A. KNISH is a Judge of the Appellate Division presiding at 8303 Haven Ave, 1st Floor, R-17 Rancho Cucamonga, CA 91730.

COMPLAINT

10. Defendant JUDGE ARTHUR A. HARRISON is a Judge of the Appellate Division presiding at 351 North Arrowhead Ave, S-54, San Bernardino, California, 92415.

11. Defendant JUDGE ANNEMARIE G. PACE is a Judge of the Appellate Division presiding at 860 E. Gilbert St, J-4, San Bernardino, California, 92415.

## IV. STATEMENT OF FACTS

### A. Overview of Historical Facts of Case

12. This case arises from an Automotive-Transmission breach of contract and reviewed by the Bureau of Automotive Repair in favor of plaintiffs under the Automotive Repair Act, California Code of Regulations 3361.1 and 3361.1[c]. The complaint also cited Unlimited and Review of Class Action.[1]

13. On August 13, 2015 the court gave leave to amend appellants' Third Amended Complaint to demonstrate punitive damages.        See Exhibit A, pg 30.

14.        On August 26, 2015 a Fourth Amended Complaint was filed.    See Exhibit A, pg 30.

**Defendants' Notice-Service.**

15. On September 30, 2015 Plaintiff Freemon received the only copy of AAA-Fox 21 page demurrer weighing 3.5 oz.    See Exhibit B, p36.    This [physical] material fact of one copy is confirmed by the United States Postal Service [as

---

[1] Budget Transmission, II or 2, Inc [as Budget]; Automobile Club of Southern California [as AAA] and Fox Farm Auto Spa [as Fox], as collectively referred as Defendants' or Respondents', unless indicated otherwise.  Also AAA-Fox Demurrer [EX, 36-40], and Budgets Motion to Strike-[EX, 41-44] and Reclassification Motion-[EX, 45-48], collectively, as responses or pleadings, unless otherwise indicated.  Pro-Se Plaintiff Freemon and Backhouse as Plaintiffs or Appellants, unless otherwise indicated.

COMPLAINT

USPS] by weight and metered cost at $1.64.  This copy was then exclusively received and served to Freemon.          See [*id*], pars 30-34.

16.  Ms Backhouse did not receive a **Demurrer** copy from Freemon or AAA-Fox.

17.  Upon plaintiffs belief and understanding AAA-Fox's Proof of Service [POS] indicating that both plaintiffs were served individual copies of said pleading in separate envelopes **was false** therefore in violation of Code of Civil Procedure §1013[a][3][G].[2]

18.    On September 30, 2015 one enclosed envelope solely addressed to Freemon and within a single 8 page **Budget Strike Motion** and POS at 1.70oz. for $.70. See Exhibit C,p41; F,p57-63; G,p64-69; I,p98-102; J,p103-106; [*Id*], pars 30-34.

19.  On or about September 30, 2015 Ms Backhouse Did Not receive or was mailed any pleadings from Budget.[3]    Also see Exhibits F, p61; I, p98; J, p103.

20.  Therefore upon plaintiffs' belief and understanding Budgets POS indicating that both plaintiffs were served individual copies or having multiple copies within said envelope on September 30, 2015 by Budget **was false**.

21.  Another one copy in one envelope service method as to be shared between multiple Pro Se plaintiffs was again used by Budget on October 7, 2015 for a single 18 page **Reclassification** document, 3.4 oz. at $1.14 which again Freemon took as Freemon's own copy.  See Exhibits D, p45; G, p68; I, p98; J, p103.

22.    Upon plaintiffs' belief and understanding under Code of Civil Procedure §1013[a][3][G] that Budgets October 7, 2015 POS indicating that both plaintiffs were served individual copies of said pleading **was false**.[4]

---

[2] Note: For 2 copies [6.4oz.] [weight/cost=total] at 6.7oz., about $3.18 for the Postage rate year of 2015.

[3] The US mailing of one copy in one envelope is undisputed by Weiss's confirmation [declaration] letter under oath on November 30, 2015. See Exhibit F,p57; G,p64. Also see Exhibits I,p98 and J,p103 [Plaintiffs' declarations].

23.    Therefore due to the aforementioned services by defendants' and plaintiffs' misunderstanding of statute CCP § 472 on and about October 17, 2015 plaintiffs did serve defendants a Revised Fourth Amended Complaint.  See Exhibits A, pg 29; E,p49, "Plaintiffs Notice to Revised Verified Fourth Amended Complaint filed before defendants response; Memorandum of Points and Authorities in support."

24.    The revised complaint did inform all defendants of their service discrepancies from September 30 and October 7, 2015 pleadings.

**Defendants and Trial Court notified of Service Discrepancies**.

25.    On November 25, plaintiffs filed a Quash motion further supporting defendants' alleged improper services.        See Exhibit A**,** p 29.

26.    Due to plaintiff's misunderstanding of CCP § 472 plaintiffs under good cause did delay in filing a default against all defendants' earlier.        See Exhibit E, p 51.

27.    From September 30 and October 7, 2015 the official court record clearly shows that No other attempt to re-service Backhouse or Freemon occurred.
        See Exhibit A, pgs 30 and 29, [October 22, 2015 is absent from record].

28.    Therefore since all defendants did not re-file there pleadings properly as plaintiffs believed under Code of Civil Procedure § 1013[a][3][G] on or before November 10th the plaintiffs' filed a Default against all defendants for a lack of timely filing defendants' pleadings.

29.    Defendants' un-served response motions were still calendared plaintiffs default motion was refused by the court on November 30th, 2015, stating that "defendants have all filed demurrer/motion".  See Exhibit A, p29; p34,35.

---

[4] Note: Two copies at 5.76oz. is about $2.46.

COMPLAINT

30.     On or about November 30th, 2015 Attorney Weiss filed two declarations. As demonstrated Weiss sent two separate envelopes each with a copy.      See Exhibit F, p57 and G, p64          Also see Exhibits F, p63.

31.     Weiss's declaration[s] clearly explains how each plaintiff was served and why Backhouse was not notice served on September 30 and October 7, 2015.

32.     In short in Weiss's [declaration[s] pg 2, par 3 explains that both plaintiffs were "…. served a notice…".  In addition Weiss's letter[s] dated October 22, 2015, in detail describes the how and number of copies whereby the service was accomplished by a single envelope and copy addressed to Freemon.  See [id], pg 4, par 18 and 19.        See Exhibit F, p61, par 2.

33.     Furthermore to the reasons why Backhouse was not included in the physical U.S. mailing as stated, "As you [Freemon] filed joint pleadings, and reside at the same address, I do not believe service of multiple copies of the same document is required or environmentally sound."

34.     In addition, "However, in order to avoid any hardship you may suffer in having to share a pleading…"    [Emphasis added to "a"]    See Exhibit F,p57 and G p68. See [id], pg 4, par 18, 21 and 22.    **This being said**:

### Superior Courts Erred in December Pre-trial hearings

35.     On December 4, 2015 Plaintiff Freemon, Pro Se, representing only Freemon attended the December 4, 2015 pre-trial hearings alone.        See Exhibit H-RT, p80 and 90.

36.     Freemon furthermore understood and believed that the burden had shifted to both defendant attorneys as a required professional-state duty to comply with the Attorney Rules of Professional Conduct Rule, State Constitution and standing laws.

37.     As "officers of the court" Freemon believed the attorney's legal responsibility was to fully inform the trial court of any complaints and/or reasons

COMPLAINT

in notice-service discrepancies to plaintiffs when challenged during the December 4 and 8, 2015 hearings.

38.     Wherefore Freemon on December 4, 2015 did attempt to <u>challenge</u> defendants' service as implied under strictness of Code of Civil Procedure § 1013[a], 1013[a][3] but was quickly cut short by the court [Judge Donna Gunnell Garza].

39.     The courts denial of plaintiffs challenge included providing on hand [physical] material evidence of improper physical mailing, Plaintiffs' and Weiss supporting declarations and denial of a full evidentiary hearing, as required.

See Exhibit H-[RT][page:lines] 80:20-81:21; 83:14-84:12.     Also see Exhibit F, p57; G, p64; I, p98 and J, p103; [*id*], pars 18, 21, 22.

40.     On December 4, 2015 Freemon states, "... Judy Backhouse was not served."          See Exhibit H-RT, 80:24.

41.     Freemon challenged the court to how many copies as stated, "He didn't serve copies" Wilcoxson did not reply to this response.   See Exhibit H-RT, 85:10.

42.     The courts questioning of Wilcoxson did not explore Code of Civil Procedure § 1013[a][3] strictness of service if each individual plaintiff, Freemon and Backhouse were served a separate demurrer copy within a separate enclosed envelope and solely addressed to that person, as challenged.     See Exhibit H-RT, 82:2-5.

43.     The courts questioning of Wilcoxson was in general and was not specific per plaintiff as being served individually under Code of Civil Procedure § 1013[a][3][F][G] but appears as a group mailing "...they were served by mail." with unknown copies, as being mailed to an attorney not as individual Pro Ses.

See Exhibit H-RT, 82:2-5.

44.     On December 4, 2015 Judge Garza stated that "Sir, I have a viable filed proof of service with respect to the demurrer that you received it that it was sent

COMPLAINT

by proper mail in this matter. I have a lack of opposition by you, either on proof of service or by you disagree with there demurrer, I just have nothing other than your arguments today." See Exhibit H-[RT] 88:20-25    But clearly seen at 88:19 Freemon was prepared to show the court physical evidence but was denied the opportunity to do so without cause. As Freemon stated "... we have the proof that they did not serve in my hand." See Exhibit H-[RT] 88:19.

45.    The aforementioned indicates that the judge relied solely on defendants AAA-Fox's September 30, 2015 proof of service and "you" as Freemon and did not question if Backhouse was properly served when challenged.

46.    Furthermore clearly ignoring Freemon's attempt to challenge the courts pre-trial hearing jurisdiction the courts hastily dismissed the case in it's entirety on December 4, 2015 per No opposition to Defendants AAA-Fox demurrer. See Exhibit H-[RT], 88:20-25 [allege viable POS].    Also See Exhibit H-[RT], 85:7-28; 88:1-8].    Also Exhibit A, p34.

47.    On December 7th plaintiffs being surprised by the defendants attorneys' omission of critical notice-service information pertaining to CCP §1013a[3][G], as "officers of the court" and the courts behavior, Freemon and Backhouse [still in Oregon] quickly and separately filed declarations opposing defendants' attorneys improper service. See Exhibit I, p98 Freemon and J, p103 Backhouse

48.    On December 8th 2015 upon Freemon second challenge to the courts pre-trial hearing jurisdiction Freemon was allowed to question Weiss to how many response copies and envelopes were US mailed to Plaintiffs on September 30th and October 7th, 2015.    See Exhibit H-RT, 90:26-91:15.

49.    To Freemon's' surprise again, the court [Judge Garza] interrupted Plaintiff's questioning of Weiss by stating "Any response, Counsel? I will indicate I have read the paper work. And what the motions are before me today is I show valid proof of service that's filed in this matter. I show that there were no

COMPLAINT

oppositions to this.  So, basically, the courts tentative is final." Whereby allowing Weiss to remain silent.          See Exhibit H-RT, 91:8-15.

50.     Freemon believed and understood that Weiss's statement would have re-confirmed Weiss's own declaration of No notice-service on September 30, and October 7, 2015 to Ms Backhouse due to "... having the same residence and conservation of paper".  Therefore defining how the erred service was made to the Plaintiffs.          See Exhibit F, p57 and G, pg 68, par 2.

51.     Freemon believed and understood that Weiss's statement of NO service to Backhouse affected all plaintiffs and the courts December 8, 2105 pre-trial hearing jurisdiction, even with Freemon's appearance as a Pro Se.

52.     Freemon believed and understood that AAA-Fox having similar single and NO copy service circumstances would also deny the court pre-trial hearing jurisdiction on December 4, 2015.

53.     Backhouse was <u>not present</u> at either said December 2015 hearings due to the understanding and belief of **Not Being Served** at all by defendants' on September 30th or October 7 under CCP 1013[a].          See Exhibit H-RT, pgs 80; 90; 91:13-15.

54.     Therefore for the second time without giving plaintiffs due process to determine if the trial court had any substantial evidence to support a pre-trial hearing jurisdiction the court <u>solely upon Budgets unsubstantiated and challenged September 30, 2015 Proof of Service</u> dismissed the case hastily on December 8th for "No Opposition" to defendant Budgets Strike and Reclassification response.          See Exhibit A, pg 35.  Also Exhibit H-RT, 80-91.

55.     No Fourth Amended Complaint or pleading merits were discussed during the December 4 or 8, 2015 hearings.

COMPLAINT

56.     On December 16, 2015 Judge Donna Gunnell Garza signed the Budget judgment-order dismissing case CIVDS1309372 and <u>filed on March 25, 2016</u>. See Exhibit K, p107-109.

57.     On October 11, 2016 final judgment for dismissal as to Fox Farm Auto Spa and Automobile Club of Southern California was filed.     See Exhibit A, page 23.

**Court of Appeal filed**

58.     Plaintiff's [Appellants'] filed a timely "unlimited" notice of appeal to the Court of Appeals on January 11, 2016.

59.     The case did not retain its "Unlimited" classification and was reclassified to "Limited".  Ms Backhouse attempted to oppose such action by a letter to Honorable Justice Ramirez on March 14, 2016.

60.     On or about March 22, 2015 the plaintiffs re-filed in Superior Appeals Court in Rancho Cucamonga, California.

61.     On July 18, 2016 plaintiffs filed Appellants Opening Brief [AOB].    See Exhibit A, pgs 32-33 and Exhibit L, p110-140.

62.     Backhouse supports Backhouses stand of No service of notice throughout the Opening Brief with material facts and supporting declarations from Weiss and Plaintiffs.

**Officers of the Court**

63.     There is No substantial showing in the record that Wilcoxson-AAA-Fox conformed to strict adherence of CCP 1013[a] before or during the appeal.

64.     On August 18, 2016 defendant [respondent] Budget filed Respondents Brief.        See Exhibit M, p141-164.  Also see [*id*], pgs 5-6, pars 30-34 and Exhibits F,p57 and G, p63.

65.     On August 30, 2016 plaintiff filed Appellants Reply Brief in review of Respondents Brief.        See Exhibit N, p165-174.

COMPLAINT

66.     Weiss actions did attempt to cover-up or discredit Weiss's own declaration of NO Service to Backhouse as demonstrated in Weiss's Respondent's Brief [RB] as follows:

67.     Weiss Respondent's Brief states, "The Opening Brief contains only a general citation to pages 729 to 731 of the Clerks Transcript without specifying where in the Reply the alleged implied argument is found [AOB.]"    See Exhibit M, pg 159, par 9.         Note: 729 to 731 is Exhibit G, pg 66-68.

68.     However, the AOB was as follows: plaintiff's AOB specifically cites in several locations but in particularly page 16, part II, [1][a] "…Weiss's letter supporting an erred joint service.  [3-CT-731:2;743]"          See Exhibit F, p57 and G pgs 68, par 2.     Also see [id], pg 4, pars 18, 21 and 22.

69.     Weiss's [declaration] letter specifically indicates why Backhouse was not serviced an addressed envelope or even a copy of the Budget Strike Motion.
        See [id], pars 33-35.         Also See Exhibit N, pgs 170 and 171.

70.     Another instance Weiss Respondents Brief states, at page 10, par 1, "In her declaration, appellant Backhouse admits she was served… [3CT-742:7-13]".
See Exhibit M, p141 through 164.

71.     However, Backhouses Declaration was as follows: at [3CT-742:7-13] the statement inferred by Weiss, in quotes, is made by Freemon not by Backhouse or of Backhouses opinion as such at [3CT-742:5-9].  Backhouse in no form admits she was served…"        See Exhibit J, p105: 8- p106: 2.

72.     Furthermore in defendants RB[EX 147-148] Weiss did truncate Backhouses declaration on pg 2, par 8 to pg 3, lines 1-4.

73.     As noted Backhouse again describes the NO service by Budget in pg 2, lines 1 to 6 as having only one envelope and Strike copy sent to the Grange address to the sole addressee Freemon.    See EX M, 147

COMPLAINT

74.     Weiss RB at page 12, par 1 "Appellants acknowledge actual receipt of Budgets motions." This RB statement fails to cite the AOB.    EX 157

75.     Weiss indicates the "The October 22, 2015 re-service…" was made under "… CCP…1013[a]". This alleged re-service by Weiss is not found in the record therefore not filed with valid POS's.    See Exhibit A, pgs 29-30; [id], pars 30-34.

76.     The plaintiffs believe and understood that any re-service to a party must be accompanied with an accurate dated proof of service strictly under "… CCP…1013[a][3]".

77.     Court records show Budget or AAA-Fox did not re-service said pleading papers between September 30, 2015 and December 4, 2015.

78.     Defendant AAA-Fox did not file a Reply Brief therefore as the plaintiffs believe and understand that AAA-Fox agrees with Plaintiffs argument to the lack of proper filing under CCP 1013[a] and 1013[a][3][G] by AAA-Fox.

79.     The case appeared to have been relegated to the family-juvenile court restricting plaintiffs' right to due process.

**Superior Appeals Court Opinion**

80.     On December 19, 2016 the Appellant Division filed the courts Opinion. See Exhibit O, p175-183.

81.     Hereafter the court refused to objectively acknowledge Backhouse Opening Briefs undisputed physical and material facts against both attorneys' actions under strict compliance to Code of Civil Procedure §§ 1010-1013a and 1013[a][3], and

82.     Furthermore ignoring three witnesses', plaintiffs' Freemon, Backhouse and Attorney Weiss's supporting declarations and Attorney Wilcoxson No response, and

83.     Thirdly, the appeals court did rely exclusively on the December 4 and 8, 2015 pre-trial hearings court transcripts which clearly was not attended by

COMPLAINT

<u>Backhouse.</u>  Wherefore the main issue of the appeals complaint was and is in fact Backhouses **Denial of Procedural Due Process** therefore all plaintiffs as follows:

84.    Therefore Backhouse due process rights were twice denied by state courts without citing any authority or case law.        See Exhibit 175-183, referencing only Freemon's voice, being misquoted.    Also [*id*], par 79.

85.    On December 29, 2016 the Plaintiffs filed a Petition for Rehearing.        See Exhibit P, 184-198.

86.    As indicated the appeals court attempt to use common law status between the plaintiffs to somehow give marital consent for legal matters indicating that Freemon had legal permission to speak for Ms Backhouse during said pre-trial December hearings and pleadings.        See Exhibit P, pgs 193-196.

87.    For example the courts use of the plaintiffs AOB to indicate that Freemon had permission from Backhouse to speak in her behalf and visa-versa does not exist in the AOB or plaintiffs' previous pleadings or under any authority or relevant case law.        See Exhibit O, pg 179, Appealability.

88.    Secondly the court clearly misquotes the record as follows:

89.    In the courts subjective opinion the court states that Freemon "was confused", at page [AOB] when in fact the Opening Brief on page 7, ln 5 and throughout with physical evidence clearly explains Freemon's **intention** to question Weiss on the physical mailing events occurring on September 30, 2015 under the strictness of CCP § 1013[a][3].        See Exhibit H-RT, 90:26 to 91:7. Also [*id*], pars 15-22.

90.    The court denied Freemon's actions to establish the one question to Weiss that would have re-confirmed Weiss written declaration under oath and as an "officer of the court" answering to "how many Strike copies were served on September 30, 2015".        See Exhibit F, pg 61, pars 1-2.

COMPLAINT

91. Weiss's answer would have confirmed the only exhibited addressed envelope and copy that was sent to Freemon sent on September 30, 2015 by Budget.

92. This example of the appeals court misquotes of the record was used to form the courts opinion throughout and to mislead the reader that Freemon's unanswered question to Weiss indicated that there were alleged copies sent by Budget on September 30, 2015, which as a physical and material fact did not occur.        See Exhibit C, page 43.

93. Another example is the courts opinion of an event on October 22, 2015 of an alleged legal Budget service wherefore the court did defend and use an un-filed and un-recorded pleading as being a lawful service to plaintiffs under CCP 1013[a][3] or otherwise.        Exhibit O, pg 180, par 2-6.

94. The trial and appellant courts furthermore did not cite a... single citation or authority... on point to find that Freemon could not challenge the courts authority to the lack of notice to plaintiffs or did have the authority or case law to represent Backhouse directly.

95. In addition the trial and appeals court abused its discretion and clearly erred when it squarely rejected Backhouses findings of fact and credibility determinations from the record and completely substituted its own facts not found in the record as aforementioned.

96. On January 03, 2017 plaintiffs filed a Petition for Certification for Transfer to the Court of Appeals for uniformity of court procedures and procedural due process.        See Exhibit A, pg 32.

97. Though the appeals case was clearly not based on the merits of the case but a request for uniformity of Ms Backhouse procedural due process rights under Code of Civil Procedure §§ 1010-1013a and 1013[a][3] [metered mail], California State Seventh, and the Fifth and Fourteenth Amendments of the Federal Constitution

Due Process Clause and Equal Protection of the Law, Judge Ramirez of the Court of Appeals denied the transfer on January 05, 2017.

98.  In Judge Ramirez words "The petition does not involve the resolution of a conflict in authority or an unsettled issue of law."   See Exhibit Q, p199-200.

99.   This offense against plaintiff Backhouse was then continued with the Superior Appeals Court and Honorable Judge Ramirez in denying voice or to be heard in these matters occurring on December 4 and 8, 2015.

100.  We now stand before the US District Court requesting the protection of unmarried or single Pro Se litigates rights under State and Federal Constitutional Right of Due Process and Equal Protection of law.  This is in regards to uniformity of Procedural Due Process to Pro Se litigates to be noticed as individuals, disregarding martial status, similar residence, conservation of paper when properly submitted joint pleadings are employed for the purpose of administrative efficacy, nationally.

## Claim I

101.    Plaintiff re-alleges paragraphs 1-78.

102.    By doing the acts described above in paragraphs 15-17, 27-29, 40-46, 52, 57, 63, 76-78, Defendant Attorney Wilcoxson under duty to the state judiciary system as "officers of the court" caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983, Federal Rules of Procedure 60 [b][3][4][6],[d][3].

## Claim II

103.    Plaintiff re-alleges paragraphs 1-78.

104.    By doing the acts described above in paragraphs 15-17, 27-29, 40-46, 52, 57, 63, 76-78, Defendant Attorney Wilcoxson under duty to the state judiciary

COMPLAINT

system as "officers of the court" caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process by violating California Code of Civil Procedure §§ 1013[a] and 1013[a] [3][G], thereby entitling Plaintiffs' to recover damages pursuant to 42 U.S.C. § 1983, Federal Rules of Procedure 60 [b][3][4][6],[d][3].

## Claim III

105.   Plaintiff re-alleges paragraphs 1-78.

106.   By doing the acts described above in paragraphs 15-17, 27-29, 40-46, 52, 57, 63, 76-78, Defendant Attorney Wilcoxson under duty to the state judiciary system as "officers of the court" caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby entitling Plaintiff to recover damages pursuant to Federal Rule of Civil Procedure 11, 37 and 28 U.S.C. §1927.

## Claims IV

107.   Plaintiff re-alleges paragraphs 1-95.

108.   By doing the acts described above in paragraphs 18-21, 27-34, 48-51, 53, 54, 59, 62, 66-77, 89-95, Defendant Attorney Weiss under duty to the state judiciary system as "officers of the court" caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby entitling Plaintiff to judicial relief of judgment pursuant to 42 U.S.C. § 1983 and Federal Rules of Procedure 60[b][3][4][6],[d][3].

## Claims V

109.   Plaintiff re-alleges paragraphs 1-95.

COMPLAINT

16

110.    By doing the acts described above in paragraphs 18-21, 27-34, 48-51, 53, 54, 59, 62, 66-77, 89-95, Defendant Attorney Weiss under duty to the state judiciary system as "officers of the court" caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process by violating California Code of Civil Procedure §§ 1013[a] and 1013[a] [3][G], thereby entitling Plaintiffs' to recover damages pursuant to 42 U.S.C. § 1983, Federal Rules of Procedure 60 [b][3][4][6],[d][3].

## Claim VI

111.    Plaintiff re-alleges paragraphs 1-95.

112.    By doing the acts described above in paragraphs 18-21, 27-34, 48-51, 53, 54, 59, 62, 66-77, 89-95, Defendant Attorney Weiss under duty to the state judiciary system as "officers of the court" caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby entitling Plaintiff to recover damages pursuant to Federal Rule of Civil Procedure 11, 37 and 28 U.S.C. §1927.

## Claim VII

113.    Plaintiff re-alleges paragraphs 1-57.

114.    By doing the acts described above in paragraphs 38-46, 49-54, 56, 57, Defendant Superior Court Judge Donna Gunnell Garza caused and/or permitted the unjustified deprivation of notice and hearing violations to Ms Backhouse therefore Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby entitling Plaintiff to judicial relief of judgment pursuant to 42 U.S.C. § 1983 and Federal Rules of Procedure 60[b][3][4][6],[d][3].

COMPLAINT

## Claims VIII

115.   Plaintiff re-alleges paragraphs 1-57.

116.   By doing the acts described above in paragraphs 38-46, 49-54, 56, 57, Defendant Superior Court Judge Donna Gunnell Garza caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process by violating California Code of Civil Procedure §§ 1013[a] and 1013[a] [3][G], thereby entitling Plaintiffs' to judicial relief of judgment pursuant to 42 U.S.C. § 1983, Federal Rules of Procedure 60 [b][3][4][6],[d][3].

## Claims IX

117.   Plaintiff re-alleges paragraphs 1-99.

118.   By doing the acts described above in paragraphs 79-84, 86-99, Defendant Superior Court of Appeals Judge Knish singularly and/or in joint caused and/or permitted the unjustified deprivation of notice and hearing violations to Ms Backhouse therefore Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby entitling Plaintiff to judicial relief of judgment pursuant to 42 U.S.C. § 1983 and Federal Rules of Procedure 60[b][3][4][6],[d][3].

## Claim X

119.   Plaintiff re-alleges paragraphs 1-99.

120.   By doing the acts described above in paragraphs 79-84, 86-99, Defendant Superior Court of Appeals Judge Knish singularly and/or in joint caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process by violating California Code of Civil Procedure §§ 1013[a] and 1013[a] [3][G], thereby entitling Plaintiffs' to judicial relief of judgment pursuant to 42 U.S.C. § 1983, Federal Rules of Procedure 60 [b][3][4][6],[d][3].

## Claims XI

121.    Plaintiff re-alleges paragraphs 1-99.

122.    By doing the acts described above in paragraphs 79-84, 86-99, Defendant Superior Court of Appeals Judge Harrison singularly and/or in joint caused and/or permitted the unjustified deprivation of notice and hearing violations to Ms Backhouse therefore Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby entitling Plaintiff to judicial relief of judgment pursuant to 42 U.S.C. § 1983 and Federal Rules of Procedure 60[b][3][4][6],[d][3].

## Claim XII

123.    Plaintiff re-alleges paragraphs 1-99.

124.    By doing the acts described above in paragraphs 79-84, 86-99, Defendant Superior Court of Appeals Judge Harrison singularly and/or in joint caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process by violating California Code of Civil Procedure §§ 1013[a] and 1013[a] [3][G], thereby entitling Plaintiffs' to judicial relief of judgment pursuant to 42 U.S.C. § 1983, Federal Rules of Procedure 60 [b][3][4][6],[d][3].

## Claims XIII

125.    Plaintiff re-alleges paragraphs 1-99.

126.    By doing the acts described above in paragraphs 79-84, 86-99, Defendant Superior Court of Appeals Judge Pace singularly and/or in joint caused and/or permitted the unjustified deprivation of notice and hearing violations to Ms Backhouse therefore Plaintiff's right to Procedural Due Process and Equal Protection of Law guaranteed by the Fifth and Fourteenth Amendment, thereby

COMPLAINT

entitling Plaintiff to judicial relief of judgment pursuant to 42 U.S.C. § 1983 and Federal Rules of Procedure 60[b][3][4][6],[d][3].

## **Claim XIV**

127.    Plaintiff re-alleges paragraphs 1-99.

128.    By doing the acts described above in paragraphs 79-84, 86-99, Defendant Superior Court of Appeals Judge Pace singularly and/or in joint caused and/or permitted the unjustified deprivation and violation of Plaintiff's right to Procedural Due Process by violating California Code of Civil Procedure §§ 1013[a] and 1013[a] [3][G], thereby entitling Plaintiffs' to judicial relief of judgment pursuant to 42 U.S.C. § 1983, Federal Rules of Procedure 60 [b][3][4][6],[d][3].

## **Request for Relief**

WHEREFORE, the plaintiff requests:

129.    To **Void** the Superior Courts final judgment of AAA-Fox Demurrer Motion on December 4, 2015.

130.    To **Void** the Superior Courts final judgment of Budgets Strike Motion on December 8, 2015.

131.    To **Void** the Superior Courts final judgment of Budgets Reclassification Motion on December 8, 2015.

132.    To allow the **Default Judgment** to be filed to finalize the closure of this case in favor of Freemon and Backhouse.

133.    To allow full punitive damages to Freemon and Backhouse which the law may provide.

134.    To allow the Class Action Suit to proceed against Defendant Wilcoxson's [former] client AAA as set forth within Plaintiffs Fourth Amended Complaint.

COMPLAINT

135.   Compensatory damages, including general and special damages, according to proof against Attorney Weiss;

136.   Compensatory damages, including general and special damages, according to proof against Attorney Wilcoxson;

137.   Any further relief which the court may deem appropriate, such as sanctions.

## **Demand for Jury Trial**

138.   Plaintiffs' hereby requests a jury trial on all issues raised in this complaint.

Dated: February 16, 2017

By: Ms Judy Backhouse
Plaintiff in Pro Per

By: Mr. Elehue K Freemon
Plaintiff in Pro Per

/////

/////

COMPLAINT

21

**Exhibit A**

**Electronic Court Record and Minutes Orders**

# Actions

**Home**   Complaints/Parties   Actions   Minutes   Pending Hearings   Case Report   Images

| Case Type: | | |
|---|---|---|
| Case Number: | | Search |

## Case CIVDS1309372 - FREEMON -V- BUDGET TRANSMISSION

|  | Move To This Date |
|---|---|

Next 50

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
|  | 02/02/2017 | DEPOSIT AND DISBURSEMENT ORDER FILED. PAY $100 TO APPEALS. | Not Applicable |  |
| N | 01/31/2017 | REMITTITUR FILED JUDGMENT AFFIRMED FILED. | Not Applicable |  |
|  | 01/31/2017 | REMITTITUR ROUTED TO SBJC | Not Applicable |  |
|  | 01/31/2017 | REMITTITUR ISSUED. | Not Applicable |  |
| N | 01/06/2017 | APPELLATE ORDER PETITION FOR REHEARING FILED AND FORWARDED TO COURTHOUSE | Not Applicable |  |
| N | 12/19/2016 | OPINION RECEIVED FROM THE COURT OF APPEALS AND ROUTED TO SBJC. | Not Applicable |  |
|  | 12/06/2016 8:30 AM DEPT. S24 | ORDER TO SHOW CAUSE RE: SANCTIONS RE DEF FAILURE TO COMPLY/STATUS OF APPEA | VACATED |  |
| N | 11/14/2016 | NOTICE OF HEARING ON APPEAL PLACED IN FILE | Not Applicable |  |
| N | 10/25/2016 | NOTICE OF RETURN OF DOCUMENT(S) | Not Applicable |  |
|  | 10/25/2016 | JUDGMENT OF DISMISSAL IS RETURNED BY COURT FOR THE FOLLOWING REASON(S): THE FOLLOWING ORDER HAS ALREADY BEEN FILED AS OF 10/11/16. | Not Applicable |  |
| N | 10/11/2016 | JUDGMENT OF DISMISSAL AS TO FOX FARM AUTO SPA AND AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA FILED. | Not Applicable |  |
|  | 08/08/2016 10:00 AM DEPT. S24 | JURY TRIAL – ESTIMATED TRIAL LENGTH HOURS. | VACATED |  |
|  | 08/04/2016 8:30 AM DEPT. S24 | READINESS CALENDAR | VACATED |  |
|  | 08/03/2016 | $99.00 PAID TO DEENA MACIAS TRANSCRIPTS | Not Applicable |  |
|  | 08/03/2016 | $60.00 PAID TO STACEY DETTMERS TRANSCRIPTS | Not Applicable |  |
|  | 08/03/2016 | $55.00 PAID TO MARY ANDERSON TRANSCRIPTS |  |  |

23   EXHIBIT A-1

| | | | | |
|---|---|---|---|---|
| | | | Not Applicable | |
| | 08/03/2016 | $1167.50 PAID TO APPEALS CLERKS TRANSCRIPTS | Not Applicable | |
| N | 07/28/2016 | NOTICE OF SETTING OF HEARING FOR SANCTIONS SENT. | Not Applicable | 📁 |
| N | 06/20/2016 | NOTICE OF BRIEFING SCHEDULE FILED. | Not Applicable | |
| | 06/17/2016 8:30 AM DEPT. S24 | MOTION RE: TO COMPEL RESPONSES TO JUDGMENT CREDITORS INTERROGATORIES AND MONETARY SANCTIONS FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., | VACATED | |
| | 06/10/2016 | VOL 4 SENT TO S24 FOR 06/17 HRG | Not Applicable | |
| | 06/08/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. PAY M ANDERSON $55 FOR TRANSCRIPTS. | Not Applicable | N/A |
| | 06/08/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. PAY S DETTMERS $60 FOR TRANSCRIPTS. | Not Applicable | |
| | 06/08/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. PAY D MACIAS $99 FOR TRANSCRIPTS. | Not Applicable | N/A |
| N | 06/08/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. PAY APPEALS $1167.50 FOR CLERKS TRANSCRIPTS. | Not Applicable | N/A |
| N | 06/07/2016 | RECORD ON APPEAL CERTIFIED TO REVIEWING COURT AND PARTIES. | Not Applicable | 📁 |
| | 06/07/2016 | VACATE L&M HEARING SCHEDULED FOR 06/17/16 AT 08:30 IN DEPARTMENT S24. | Not Applicable | |
| N | 06/07/2016 | NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESP FILED BY BUDGET TRANSMISSION#2, INC.,. | Not Applicable | 📁 |
| | 05/19/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. APPELLANTS PAID $745.00 FOR CLERKS TRANSCRIPTS. | Not Applicable | |
| | 05/19/2016 | FILING FEE PAID BY ELEHUE K FREEMON, JUDY BACKHOUSE FOR CLERKS TRANSCRIPTS | Not Applicable | |
| | 05/13/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. RESP ATTY WEISS PAID FOR CLERKS TRANSCRIPTS. | Not Applicable | N/A |
| | 05/13/2016 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR CLERKS TRANSCRIPTS | Not Applicable | |
| | 05/13/2016 | REMAILED NOTICE OF COSTS TO GRINDER LAW GROUP | Not Applicable | |
| | 05/13/2016 | RETURN MAIL: NOTICE OF ESTIMATE OF COSTS RECEIVED BACK FROM GRINDER LAW GROUP. | Not Applicable | |
| | 05/05/2016 | ORIGINAL CLERK'S TRANSCRIPT CONSISTING OF 3 VOLUMES | | |
| N | 05/05/2016 | NOTICE OF COST TO PREPARE CLERK'S/REPORTER'S TRANSCRIPTS ON APPEAL FILED AND COPIES MAILED. | Not Applicable | 📁 |
| N | 04/28/2016 | SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL RESPONSES TO JUDGMENT FILED. | Not Applicable | 📁 |
| | 04/28/2016 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR MOTION, COURT REPORTER AND FAX FEE | Not Applicable | |
| N | 04/28/2016 | MOTION RE: TO COMPEL RESPONSES TO JUDGEMENT SET FOR HEARING ON 06/17/16, FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., (IMAGED) | Not Applicable | 📁 |
| | | | | |

24   EXHIBIT A-2

| N | 04/20/2016 | NOTICE TO COURT REPORTER(S) FOR ESTIMATES OF APPEAL TRANSCRIPTS FILED. | Not Applicable | |
|---|---|---|---|---|
| N | 04/20/2016 | RESPONDENTS AMENDED DESIGNATION OF RECORD ON APPEAL FILED. | Not Applicable | |
| N | 04/19/2016 | MEMO OF COSTS FILED BY BUDGET TRANSMISSION#2, INC.,, FOR 2181.20. | Not Applicable | |
| N | 04/12/2016 | RESPONDENT'S NOTICE DESIGNATING RECORD ON APPEAL FILED BY BUDGET TRANSMISSION#2, INC.,, | Not Applicable | |
| N | 04/12/2016 | NOTICE OF ENTRY OF ORDER FILED BY BUDGET TRANSMISSION#2, INC.,, | Not Applicable | |
| N | 04/12/2016 | MEMO OF COSTS FILED BY BUDGET TRANSMISSION#2, INC.,, FOR 2181.20. | Not Applicable | |
| N | 04/01/2016 | APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL FILED BY X%%. | Not Applicable | |
| | 03/25/2016 | DISMISSAL FILED AS TO BUDGET TRANSMISSION#2, INC.,, WITHOUT PREJUDICE | Not Applicable | |
| N | 03/25/2016 | ORDER OF DISMISSAL AS TO BUDGET TRANSMISSION #2, INC FILED | Not Applicable | |
| N | 03/22/2016 | CORRECTED LETTER REGARDING DESIGNATIONS SENT TO APPELLANTS FILED. | Not Applicable | |
| N | 03/22/2016 | VACATE/CEASE PREPARATION NOTICE TO PREPARE TRANSCRIPT ON APPEAL FILED. | Not Applicable | |

Next 50

25    EXHIBIT A-5

# Actions

**Home**    Complaints/Parties    Actions    Minutes    Pending Hearings    Case Report    Images

Case Type: [_____]

Case Number: [_____]    [ Search ]

## Case CIVDS1309372 - FREEMON -V- BUDGET TRANSMISSION

[_____]    [ Move To This Date ]

Previous 50    Next 50

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
|  | 03/16/2016 | APPEAL PACKET SENT TO APPELLATE DESK | Not Applicable |  |
| N | 03/16/2016 | LETTER TO APPELLATE RE CHANGE OF JURISDICTION TO LIMITED - NEED NEW DESIGNATIONS FOR APPEAL FILED. | Not Applicable | 📷 |
| N | 03/14/2016 | COURT OF APPEAL ORDER RE: APPEAL TRANSFERRED TO APPELLATE DIVISION PLACED IN FILE | Not Applicable | 📷 |
| N | 02/25/2016 | NOTICE TO COURT REPORTER(S) TO PREPARE APPEAL TRANSCRIPT FILED. | Not Applicable | 📷 |
| N | 02/25/2016 | NOTICE OF RETURN OF DOCUMENT(S) | Not Applicable | 📷 |
|  | 02/25/2016 | JUDGMENT OF DISMISSAL IS RETURNED BY COURT FOR THE FOLLOWING REASON(S): PER COURTROOM-RULING ON MOTION TO STRIKE/DEMURRER SHOULD BE SEPARATE ORDER AS. | Not Applicable |  |
|  | 02/23/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. RESPONDENT PAID $40 RPRTR TRANS + $50 TRUST. | Not Applicable | N/A |
|  | 02/23/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. APPELLANT PAID $74.00 FOR REPORTERS TRANSCRIPT. | Not Applicable |  |
|  | 02/23/2016 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR S | Not Applicable |  |
|  | 02/23/2016 | FILING FEE PAID BY ELEHUE K FREEMON, JUDY BACKHOUSE FOR REPORTERS TRANSCRIPT ON APPEAL | Not Applicable |  |
| N | 02/10/2016 | COURT OF APPEAL ORDER RE: LETTER INFORMING COURT OF ANY OBJECTION PLACED IN FILE | Not Applicable | 📷 |
| N | 02/09/2016 | NOTICE OF CHANGE OF HANDLING ATTORNEY WITHIN FIRM FILED BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA. | Not Applicable | 📷 |
| N | 02/08/2016 | NOTICE OF COST TO PREPARE CLERK'S/REPORTER'S TRANSCRIPTS ON APPEAL FILED AND COPIES MAILED. | Not Applicable | 📷 |
| N | 02/03/2016 | NOTICE OF CHANGE OF HANDLING ATTY WITHIN FIRM FILED BY FOX FARM AUTO SPA. | Not Applicable | 📷 |
|  | 01/28/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. APPELLANT PAID $100 RPRTR TRANS + $50 TRUST. | Not Applicable | N/A |

26    EXHIBIT A-4

| | Date | Description | Status | |
|---|---|---|---|---|
| | 01/28/2016 | FILING FEE PAID BY ELEHUE K FREEMON FOR REPORTERS TRANSCRIPT | Not Applicable | |
| N | 01/25/2016 | NOTICE TO COURT REPORTER(S) FOR ESTIMATES OF APPEAL TRANSCRIPTS FILED. | Not Applicable | 📇 |
| | 01/22/2016 | FAXED/INTEROFFICED MAIL RESPONDENTS NOTICE ELECTING TO USE AN APPENDIX TO APPEALS | Not Applicable | |
| N | 01/21/2016 | APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL FILED BY X%%. | Not Applicable | 📇 |
| N | 01/21/2016 | NOTICE VACATING NOTICE OF DEFAULT FILED | Not Applicable | 📇 |
| | 01/21/2016 | DEPOSIT AND DISBURSEMENT ORDER FILED. APPELLANT PAID $100 APPEAL DEPOSIT. | Not Applicable | N/A |
| | 01/21/2016 | FILING FEE PAID BY ELEHUE K FREEMON, JUDY BACKHOUSE FOR APPEAL DEPOSIT | Not Applicable | |
| | 01/20/2016 | REGISTER OF ACTIONS NOTICE RULE 8.124 PRINTED. | Not Applicable | |
| N | 01/20/2016 | NOTICE OF ELECTION TO PROCEED PURSUANT TO CRC 8.124 FILED BY BUDGET TRANSMISSION#2, INC., RESPONDENT. | Not Applicable | 📇 |
| N | 01/20/2016 | RESPONDENT'S NOTICE DESIGNATING RECORD ON APPEAL FILED BY BUDGET TRANSMISSION#2, INC., | Not Applicable | 📇 |
| N | 01/14/2016 | NOTICE OF REJECTED PROPOSED JUDGMENT OF DISMISSAL SENT. | Not Applicable | 📇 |
| N | 01/12/2016 | CLERK'S NOTIFICATION OF APPEAL DEFAULT FOR FAILURE TO TIMELY DEPOSIT REQUIRED FEES & COSTS. FILED. | | 📇 |
| | 01/12/2016 | APPEAL PACKET FORWARDED TO THE COURT OF APPEAL ON THIS DATE. | Not Applicable | |
| | 01/12/2016 | APPEALS CORRESPONDENCE COVERSHEET GENERATED TO MAIL CLERKS NOTIFICATION OF FILING OF NOTICE OF APPEAL TO COUNSEL OF RECORD. | Not Applicable | |
| N | 01/12/2016 | CLERK'S NOTIFICATION OF FILING OF NOTICE OF APPEAL FILED AND SENT TO PARTIES. | Not Applicable | 📇 |
| | 01/12/2016 8:30 AM DEPT. S24 | MOTION RE: TO QUASH IMPROPER PLDNG TO DEFS DEM/MTN TO STRIKE 000104 FILED BY 0001-0002 - Minutes | Off Calendar | |
| N | 01/11/2016 | NOTICE OF APPEAL FILED. | Not Applicable | 📇 |
| | 01/11/2016 | NOTICE OF APPEAL ON 1/4/16 NOTICE OF ENTRY OF ORDER FILED. | Not Applicable | |
| N | 01/08/2016 | DECLARATION OF JOHN WILCOXSON FILED | Not Applicable | 📇 |
| N | 01/08/2016 | OPPOSITION TO MOTION RE: TO QUASH SET FOR HEARING ON 01/12/16, FILED BY DEFENDANT FOX FARM AUTO SPA (IMAGED) | Not Applicable | 📇 |
| | 01/07/2016 | THE GRINGER LAW GROUP IS REMOVED AS ATTORNEY FOR FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA, AND THE GINDER LAW GROUP IS ADDED AS ATTORNEY OF RECORD. | Not Applicable | |
| N | 01/07/2016 | MEMO OF COSTS FILED BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA, FOR $2370.00. | Not Applicable | 📇 |

27    EXHIBIT A-E

| | | | | |
|---|---|---|---|---|
| N | 01/04/2016 | NOTICE OF ENTRY OF ORDER (MOTION TO STRIKE) FILED BY BUDGET TRANSMISSION#2, INC.,. | Not Applicable | 🖼 |
| N | 01/04/2016 | NOTICE OF ENTRY OF ORDER FILED BY BUDGET TRANSMISSION#2, INC.,. | Not Applicable | 🖼 |
| N | 12/29/2015 | OPPOSITION TO MOTION RE: QUASH SET FOR HEARING ON 01/12/16, FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., (IMAGED) | Not Applicable | 🖼 |
| | 12/29/2015 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR FAX FILING FEE | Not Applicable | |
| | 12/16/2015 | UPDATE COMPLAINT OF 4TH AMENDED COMPLAINT (UNLIMITED) OF ELEHUE FREEMON | Not Applicable | |
| N | 12/16/2015 | ORDER ON MOTION TO RECLASSIFY ACTION AS A LIMITED JURISDICTION CASE FILED | Not Applicable | 🖼 |
| N | 12/16/2015 | ORDER ON MOTION TO STRIKE FOURTH AMENDED COMPLAINT FILED | Not Applicable | 🖼 |
| | 12/08/2015 8:30 AM DEPT. S24 | MOTION RE: JOINDER IN MOTION TO RECLASSIFY ACTION AS A LIMITED JURISDICTION CASE FILED BY DEFENDANT FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA - Minutes | GRANTED | |
| | 12/08/2015 8:30 AM DEPT. S24 | MOTION RE: TO RECLASSIFY ACTION AS LIMITED JURISDICTION FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., - Minutes | Pre-D Complete | |
| | 12/08/2015 8:30 AM DEPT. S24 | MOTION RE: TO STRIKE FOURTH AMENDED COMPLAINT 100115 FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., - Minutes | GRANTED | |
| N | 12/07/2015 | DECLARATION OF AS REPLY FOR MOTN TO QUASH INPROPER PLEADING SCVS FILED | Not Applicable | 🖼 |
| N | 12/07/2015 | PROOF OF SERVICE OF DECLARATION AS REPLY TO MOTN TO QUASH FILED. | Not Applicable | 🖼 |
| | 12/04/2015 8:30 AM DEPT. S24 | MOTION RE: DEMURRER TO THE PLAINTIFFS FOURTH AMENDED COMPLAINT FILED BY DEFENDANT FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA - Minutes | Sustained | |

Previous 50    Next 50

28    EXHIBIT A-6

# Actions

**Home**   Complaints/Parties   Actions   Minutes   Pending Hearings   Case Report   Images

Case Type: [                    ▼]

Case Number: [            ]   [ Search ]

## Case CIVDS1309372 - FREEMON -V- BUDGET TRANSMISSION

[                    ]   [ Move To This Date ]

Previous 50    Next 50

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| N | 11/30/2015 | DECLARATION RE: REPLY FOR BUFGET TRANSMISSION MOTION TO RECLASSIFY FILED BY BUDGET TRANSMISSION#2, INC., | Not Applicable |  |
| N | 11/30/2015 | DECLARATION RE: REPLY FOR BUDGET TRANSMISSIONS MOTION TO STRIKE FILED BY BUDGET TRANSMISSION#2, INC., | Not Applicable | |
| | 11/30/2015 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR FAX FEE | Not Applicable | |
| N | 11/30/2015 | NOTICE OF RETURN OF DOCUMENT(S) | Not Applicable | |
| | 11/30/2015 | REQUEST FOR ENTRY OF DEFUALT IS RETURNED BY COURT FOR THE FOLLOWING REASON(S): DEFENDANT HAVE ALL FILED DEMURRER/MOTION. PLEASE REMEMBER TO SIGN DOCUM. | Not Applicable | |
| | 11/25/2015 | FILING FEE PAID BY ELEHUE K FREEMON, JUDY BACKHOUSE FOR MTN FEE | Not Applicable | |
| N | 11/25/2015 | MOTION RE: TO QUASH IMPROPER PLEADING SET FOR HEARING ON 01/12/16, FILED BY PLAINTIFF ELEHUE K FREEMON, JUDY BACKHOUSE (IMAGED) | Not Applicable | |
| N | 11/24/2015 | NOTICE OF RETURN OF DOCUMENT(S) | Not Applicable | |
| | 11/24/2015 | MOTION TO QUASH IMPROPER PLEADING SERVICE IS RETURNED BY COURT FOR THE FOLLOWING REASON(S): MUST RESERVE COURT DATE-12/04/15 IS RESERVE FOR DEMURRER P. | Not Applicable | |
| N | 11/13/2015 | MOTION RE: JOINDER IN MOTION TO RECLASSIFY ACTION SET FOR HEARING ON 12/08/15, FILED BY DEFENDANT FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA (IMAGED) | Not Applicable | |
| N | 10/20/2015 | PLATFS NOTICE TO REVISE VERIFIED FOURTH AMENDED C OMPLAINT FILED BEFORE DEFTS RESPONSE FILED. | Not Applicable | |
| N | 10/07/2015 | PROOF OF SERVICE OF MTN TO RECLASSIFY ACTION AS LIMITED JURISDICTION BY U.S. MAIL ON 10/07/15 AS TO PLAINTIFF, FILED. | Not Applicable | |
| | | | | |

29    EXHIBIT A-

| | 10/07/2015 | CREDIT CARD TRANSACTION ID NUMBER #023-0239428351 | Not Applicable | |
| | 10/07/2015 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR FAX FILING FEE | Not Applicable | |
| | 10/07/2015 | CREDIT CARD TRANSACTION ID NUMBER #023-0239427737 | Not Applicable | |
| | 10/07/2015 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR MOTION FILING FEE AND FAX FILING FEE | Not Applicable | |
| N | 10/07/2015 | MOTION RE: TO RECLASSIFY ACTION AS LIMITED JURISDICTION SET FOR HEARING ON 12/08/15, FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., (IMAGED) | Not Applicable | 📷 |
| | 10/01/2015 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR FAX FILING, MOTION | Not Applicable | |
| N | 10/01/2015 | MOTION RE: TO STRIKE FOURTH AMENDED COMPLAINT SET FOR HEARING ON 12/08/15, FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., (IMAGED) | Not Applicable | 📷 |
| | 09/30/2015 | FILING FEE PAID BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA FOR MOTION FEE | Not Applicable | |
| N | 09/30/2015 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER FILED. | Not Applicable | 📷 |
| N | 09/30/2015 | DEMURRER FILED BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA; REPRESENTED BY THE GRINGER LAW GROUP(IMAGED) | Not Applicable | 📷 |
| N | 09/14/2015 | NOTICE OF TRIAL READINESS CONFERENCE & TRIAL FILED BY BUDGET TRANSMISSION#2, INC., | Not Applicable | 📷 |
| | 09/10/2015 8:30 AM DEPT. S24 | TRIAL SETTING CONFERENCE - Minutes | Pre-D Complete | |
| | 09/10/2015 8:30 AM DEPT. S24 | MOTION RE: DEMURRER TO THIRD AMENDED COMPLAINT | VACATED | |
| | 09/04/2015 | OP & REPLY RE:VACATED 9/10/15 L&M TO FILE BACK. | Not Applicable | |
| N | 08/31/2015 | PROOF OF SERVICE OF 4TH AMENDED COMPLAINT BY MAIL ON 08/26/15 AS TO PARTIES OF INTEREST, FILED. | Not Applicable | 📷 |
| N | 08/26/2015 | AMENDED COMPLAINT FILED – AMENDING 4TH AMENDED COMPLAINT (UNLIMITED) OF ELEHUE FREEMON | Not Applicable | 📷 |
| N | 08/25/2015 | NOTICE OF RULING ON MOTION TO STRIKE FILED. | Not Applicable | 📷 |
| | 08/20/2015 8:30 AM DEPT. S24 | TRIAL SETTING CONFERENCE | VACATED | |
| | 08/20/2015 8:30 AM DEPT. S24 | MOTION RE: DEMURRER TO THIRD AMENDED COMPLAINT FILED BY DEFENDANT FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA | VACATED | |
| | 08/13/2015 8:30 AM DEPT. S24 | MOTION RE: STRIKE REQUEST FOR PUNITIVE DAMAGES (07/06/15) FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., - Minutes | GRANTED | |
| N | 08/12/2015 | NOTICE OF CONTINUANCE OF HEARING DATES SENT. | Not Applicable | 📷 |
| N | 08/10/2015 | REPLY TO OPPOSITION TO MOTION RE: DEMURRER SET FOR HEARING ON 08/20/15 FILED BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA. (IMAGED) | Not Applicable | 📷 |

30

EXHIBIT A-8
2/4/2017

CIVDS1509372 Actions - San Bernardino Main                                          Page 3 of 3

| N | 08/04/2015 | REPLY TO OPPOSITION TO MOTION RE: STRIKE SET FOR HEARING ON 08/13/15 FILED BY BUDGET TRANSMISSION#2, INC.,. (IMAGED) | Not Applicable | |
|---|---|---|---|---|
| N | 07/20/2015 | OPPOSITION TO MOTION RE: TO STRIKE REQUEST FOR PUNITIVE DAMAGES SET FOR HEARING ON 08/13/15, FILED BY PLAINTIFF ELEHUE K FREEMON, JUDY BACKHOUSE (IMAGED) | Not Applicable | |
| N | 07/20/2015 | OPPOSITION TO MOTION RE: DEMURRER SET FOR HEARING ON 08/20/15, FILED BY PLAINTIFF ELEHUE K FREEMON, JUDY BACKHOUSE (IMAGED) | Not Applicable | |
| N | 07/10/2015 | MEMO OF COSTS FILED BY BUDGET TRANSMISSION#2, INC.,, FOR 107.00. | Not Applicable | |
| | 07/07/2015 8:30 AM DEPT. S24 | TRIAL SETTING CONFERENCE - Minutes | Continued | |
| N | 07/06/2015 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA. | Not Applicable | |
| | 07/06/2015 | FILING FEE PAID BY BUDGET TRANSMISSION#2, INC., FOR MOTION FEES | Not Applicable | |
| N | 07/06/2015 | MOTION RE: STRIKE REQUEST FOR PUNITIVE DAMAGES SET FOR HEARING ON 08/13/15, FILED BY DEFENDANT BUDGET TRANSMISSION#2, INC., (IMAGED) | Not Applicable | |
| N | 07/02/2015 | POINTS & AUTHORITIES FILED BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA. | Not Applicable | |
| | 07/02/2015 | FILING FEE PAID BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA FOR MOTION FEES | Not Applicable | |
| N | 07/02/2015 | DEMURRER FILED BY FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA; REPRESENTED BY THE GRINGER LAW GROUP(IMAGED) | Not Applicable | |
| | 06/16/2015 | NEW VOLUME MADE. VOLUME 3 INCLUDES DOCUMENTS FILED BETWEEN 05/05/15 AND 06/16/15 | Not Applicable | |
| | 06/16/2015 | NEW VOLUME MADE. VOLUME 2 INCLUDES DOCUMENTS FILED BETWEEN 10/20/14 AND 03/13/15 | Not Applicable | |
| | 06/09/2015 | ABSTRACT OF JUDGMENT ISSUED | Not Applicable | |
| N | 06/04/2015 | NOTICE OF RETURN OF DOCUMENT(S) | Not Applicable | |
| | 06/04/2015 | (2) ANSTRACTS/CK# 584 IS RETURNED BY COURT FOR THE FOLLOWING REASON(S): LINE #3 OF ABSTRACT IS MISSING ON BOTH ABSTRACTS . | Not Applicable | |

Previous 50   Next 50

31   EXHIBIT A-5

# Actions

**Home**  Complaints/Parties  Actions  Minutes  Pending Hearings  Case Report  Images

Case Type: 

Case Number:  [ Search ]

## Case ACIAS1600007 - FREEMON et al -v- BUDGET TRANSMISSION

[ Move To This Date ]

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
|  | 01/31/2017 | STAGE AT DISPOSITION: ALL OTHER JUDGMENTS BEFORE TRIAL. | Not Applicable |  |
|  | 01/31/2017 | NOTICE ON DECISION OF REMITTITUR PRINTED | Not Applicable |  |
|  | 01/31/2017 | NOTICE ON DECISION OF REMITTITUR PRINTED | Not Applicable |  |
|  | 01/31/2017 | REMITTITUR ISSUED AND FILED. DECISION: PER CURIUM OPINION FILED ON 12/19/16. | Not Applicable |  |
| N | 01/23/2017 | COURT OF APPEAL ORDER- PETITION FOR TRANSFER OF A LIMITED CIVIL CASE PER CRC 8.1006- DENIED PLACED IN FILE | Not Applicable | 📁 |
| N | 01/05/2017 | ORDER PETITION FOR REHEARING IS- DENIED FILED | Not Applicable | 📁 |
| N | 01/03/2017 | PETITION FOR REHEARING FILED. | Not Applicable | 📁 |
|  | 12/19/2016 | APPEAL AFFIRMED | Not Applicable |  |
| N | 12/19/2016 | JUDGMENT WITH OPINION | Not Applicable | 📁 |
|  | 12/16/2016 1:30 PM DEPT. S53A | HEARING ON APPEAL - Minutes | Pre-D Complete |  |
| N | 11/14/2016 | NOTICE OF HEARING ON APPEAL FILED. | Not Applicable | 📁 |
|  | 09/06/2016 | CASE PREPARED FOR DECEMBER CALENDAR. | Not Applicable |  |
|  | 09/06/2016 | FILING FEE PAID BY BUDGET TRANSMISSION FOR RESPONDENTS BRIEF | Not Applicable |  |
| N | 08/30/2016 | APPELLANT'S REPLY BRIEF FILED. | Not Applicable | 📁 |
|  | 08/18/2016 | APPELLANT'S REPLY BRIEF DUE 09/07/16 | Not Applicable |  |
| N | 08/18/2016 | RESPONDENT'S BRIEF FILED. | Not Applicable | 📁 |
|  | 07/18/2016 | RESPONDENT'S BRIEF DUE 08/17/16 |  |  |

32   EXHIBIT A - 12

| | | | Not Applicable | |
|---|---|---|---|---|
| N | 07/18/2016 | APPELLANT'S OPENING BRIEF FILED. | Not Applicable | 📁 |
| | 06/20/2016 | APPELLANT'S OPENING BRIEF DUE 07/20/16 | Not Applicable | |
| N | 06/20/2016 | NOTICE OF BRIEFING SCHEDULE FILED. | Not Applicable | 📁 |
| N | 06/16/2016 | AFFIDAVIT OF CLERK RE: CORRECTIONS TO APPEAL RECORD FILED. | Not Applicable | 📁 |
| N | 06/07/2016 | RECORD ON APPEAL FILED - 3 VOL CT/ 1 VOL RT | Not Applicable | 📁 |
| | 03/14/2016 | JURISDICTION TO APPELLATE DIVISION OF SUPERIOR COURT | Not Applicable | |
| | 03/14/2016 | DISTRICT COURT OF APPEAL ORDER TRANSFERING | Not Applicable | |
| | 03/14/2016 | APPEAL FILED 01/11/16 AS UNLIMITED | Not Applicable | |
| | 03/14/2016 | SUPERIOR COURT CASE #CIVDS1309372-SBJC | Not Applicable | |
| | 03/14/2016 | NOTICE OF FILING OF NOTICE OF APPEAL | Not Applicable | |

33        EXHIBIT A

# Minute Orders

| Home | Complaints/Parties | Actions | Minutes | Pending Hearings | Case Report | Images |
|------|-------------------|---------|---------|------------------|-------------|--------|

Case Type: _____

Case Number: _____    [Search]

## Case CIVDS1309372 - FREEMON -V- BUDGET TRANSMISSION

Action: (Choose)

**MOTION RE: DEMURRER TO THE PLAINTIFFS FOURTH AMENDED COMPLAINT FILED BY DEFENDANT FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA**

**12/04/2015 - 8:30 AM DEPT. S24**

DONNA GUNNELL GARZA, JUDGE
CLERK: JESSICA GABLE
COURT REPORTER STACEY DETTMERS 13303
COURT ATTENDANT NORMAN PINGREY

APPEARANCES:
PLAINTIFF ELEHUE K FREEMON PRESENT
ATTORNEY JOHN WILCOXSON APPEARS BY COURTCALL FOR FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA.
ATTORNEY D. SCOTT ABERNETHY APPEARS BY COURTCALL FOR BUDGET TRANSMISSION#2, INC..

PROCEEDINGS:
PREDISPOSITION HEARING HELD
FOX FARM AUTO SPA, AUTOMOBILE CLUB OFSOUTHERN CALIFORNIA'S MOTION /DEMURRER TO FOURTH AMENDED COMPLAINT IS HEARD.
NO OPPOSITION FILED.
ARGUED AND SUBMITTED.
DEMURRER IS SUSTAINED AS TO FOX FARM AUTO SPA AND AUTOMOBILE CLUB ON 4TH AMENDED COMPLAINT (UNLIMITED) OF ELEHUE FREEMON , WITHOUT LEAVE TO AMEND
COUNSEL FOR MOVING PARTY TO PREPARE JUDGMENT OF DISMISSAL.
COUNSEL FOR MOVING PARTY TO GIVE NOTICE.
ACTION - COMPLETE
=== MINUTE ORDER END ===

34    EXHIBIT A-12

# Minute Orders

Home    Complaints/Parties    Actions    Minutes    Pending Hearings    Case Report    Images

Case Type:

Case Number:    Search

**Case CIVDS1309372 - FREEMON -V- BUDGET TRANSMISSION**
**Action:**    (Choose)

**MOTION RE: TO STRIKE FOURTH AMENDED COMPLAINT 100115 FILED BY
DEFENDANT BUDGET TRANSMISSION#2, INC.,**
**12/06/2015 - 8:30 AM DEPT. S24**

DONNA GUNNELL GARZA, JUDGE
CLERK: JESSICA GABLE
COURT REPORTER MARY ANDERSON 10319
COURT ATTENDANT CHRISTINE LOCKMAN

APPEARANCES:
PLAINTIFF ELEHUE K FREEMON PRESENT
ATTORNEY ANDREW WEISS PRESENT FOR BUDGET TRANSMISSION.

PROCEEDINGS:
PREDISPOSITION HEARING HELD
THE COURT GIVES ITS TENTATIVE RULING TO GRANT.
BUDGET TRANSMISSION#2, INC.,'S MOTION TO STRIKE FOURTH AMENDED COMPLAINT IS HEARD.
NO OPPOSITION PRESENTED.
BUDGET TRANSMISSION#2, INC.,'S MOTION TO STRIKE FOURTH AMENDED COMPLAINT IS GRANTED.
COUNSEL FOR DEFENDANT TO GIVE NOTICE.
ACTION - COMPLETE
==== MINUTE ORDER END ====

P35    EXHIBIT A - 13

**Exhibit B**

**AAA-Fox September 30, 2015 Demurrer Proof of Service**

1  John Wilcoxson, Esq. SBN-98292
   THE GINDER LAW GROUP
2  120 Tustin Ave., Ste. C-1095
   Newport Beach, CA 92663
3  Office (949) 287-5540 x 103
   Fax (949) 287-4241
4  Email Service: Service@lglawcon.com

5  Attorney for Defendants FOX FARM AUTO SPA and AUTOMOBILE CLUB OF SOUTHERN
   CALIFORNIA

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN BERNARDINO

10

11  ELEHUE FREEMON AND JUDY BACKHOUSE,  ) CASE NO: CIVDS1309372
                                        )
12              Plaintiffs,             ) **MEMORANDUM OF POINTS AND**
                                        ) **AUTHORITIES IN SUPPORT**
13  v.                                  ) **OFDEFENDANTS FOX FARM AUTO SPA'S**
                                        ) **AND AUTOMOBILE CLUB OF SOUTHERN**
14  BUDGET TRANSMISSIONS II, INC.; FOX FARM ) **CALIFORNIA'S NOTICE OF DEMURRER TO**
    AUTO SPA; CALIFORNIA CONSUMER       ) **THE PLAINTIFFS' FOURTH AMENDED**
15  AFFAIRS; DENISE D. BROWN as DIRECTOR ) **COMPLAINT**
    OF CALIFORNIA CONSUMER AFFAIRS; and  )
16  BUREAU OF AUTOMOTIVE REPAIR; and    ) Date:   11-20-2015
    DOES 1-100, Inclusive.,             ) Time:   8:30am
17                                      ) Department:S24
                Defendants.             )
18                                      ) Complaint filed: 8-7-13.
    _____ ) Judge: Hon. Donna Garza
19                                      ) Trial Date: None

20      Defendants FOX FARM AUTO SPA  (FOX) and AUTOMOBILE CLUB OF SOUTHERN

21  CALIFORNIA ( "AAA") hereby respectfully  submit  this Memorandum, of Points and Authorities in

22  Support  of  this Demurrer to the  Fourth Amended Complaint of Plaintiffs ELEHUE FREEMON

23  ("FREEMON") AND JUDY BACKHOUSE (" BACKHOUSE), as follows:

24                              I.
                        **STATEMENT OF CASE**

25      As alleged, though difficult to comprehend from the Plaintiffs' allegations, this action arises from

26  an incident in August of 2011, in which the Plaintiffs sought to have a "rebuilt" transmission installed in

27  their 2001 Ford Explorer. The Plaintiffs allege that they took the Ford Explorer to FOX but, since FOX

28  does not do transmission rebuilds, the Plaintiffs elected to have Defendant BUDGET

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OFDEFENDANTS FOX FARM AUTO SPA'S AND AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S NOTICE OF DEMURRER TO THE PLAINTIFFS' FOURTH AMENDED COMPLAINT**

- 1 -

37   EXHIBIT B     1

1

**Proof of Service**

2    STATE OF CALIFORNIA                )
                                        ) ss:
3    COUNTY OF **SAN BERNARDINO**       )

4

5        1.   At the time of service I was over 18 years of age and not a party to this action. My residence or business address is: 120 Tustin Ave., Ste. C-1095, Newport Beach, CA 92663.

6

7        [ ] The Fax number of electronic service address from which I served the documents is *(complete if service was by fax or electronic service).* (   )   -

8        2.   On the date specified below, I served the following documents:

9
10    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OFDEFENDANTS FOX FARM AUTO SPA'S AND AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S NOTICE OF DEMURRER TO THE PLAINTIFFS' FOURTH AMENDED COMPLAINT**

11

12    I served the documents on the person or persons below, as follows:

13    ***For Plaintiffs ELEHUE FREEMON AND JUDY BACKHOUSE, IN PRO PER***

14

15    ELEHUE FREEMON, IN PRO PER
JUDY BACKHOUSE, IN PRO PER
94657 Grange Rd.
16    Gold Beach, OR 97444
Freemon's T: 909-584-9972
17    Freemon's email:
fpatents1@charter.net
18    Backhouse's T: 949.291.0476
Backhouse's email:
19    judybbc@gmail.com

20        [ ] *Electronic service agreed*

***For Defendant BUDGET TRANSMISSIONS II, INC.***

Andrew D. Weiss, Esq. (?)
LAW OFFICE OF ANDREW D. WEISS
26459 Rancho Parkway South.
Lake Forest, Ca 92630

[ ] *Electronic service agreed*

21    ***For Defendant DENISE D BROWN AS DIRECTOR OF CACONSUMER AFFAIRS; CA CONSUMER AFFAIRS***
22

23    Kamala Devi Harris, Esq.
CA Dept of Justice
24    Ofc of the Attorney General
455 Golden Gate Ave
25    San Francisco, CA 94102
P: (415) 703-1008
26    F:(415) 703-1016
e-mail: attorneygeneral@doj.ca.gov
27

***For defendant AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA***

D Stephen Monson, Esq.
6850 Brockton Ave Ste. 210
Riverside, CA 92506
P: (951) 369-1370
F: (951) 369-1542
e-mail: dsmonson@sbcglobal.net

28

38   EXHIBIT B   2

**For Superior Court of CA, County of SAN BERNARDINO**

San Bernardino Superior Court-Central
247 West Third Street.,
San Bernardino, CA 92415

[ ] Electronic service agreed

3.  The documents were served by the following means (specify):

[X]  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the address listed above and:

   (1) [X]  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid

   (2) [X]  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at **NEWPORT BEACH, CA.**

[ ]  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ]  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below)

[ ]  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

[ ]  **By electronic service.** Based on a court order or an agreement of the parties (if indicated above) to accept electronic service and/or as a professional courtesy, I caused the documents to be sent to the persons at the electronic service addresses listed above.

I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct.
Date:  **09-30-2015**

**LENG CHAO**
_____                    _____
(TYPE OR PRINT NAME OF DECLARANT)            (SIGNATURE OF DECLARANT)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OFDEFENDANTS FOX FARM AUTO SPA'S AND AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S NOTICE OF DEMURRER TO THE PLAINTIFFS' FOURTH AMENDED COMPLAINT
- 16 –

39  EXHIBIT B   3

$1.640
US POSTAGE
FIRST-CLASS
FROM 92663
SEP 30 2015
stamps.com

GINDER LAW GROUP
120 TUSTIN AVE., C-1095
NEWPORT BEACH, CA 92663

ELEHUE FREEMON, IN PRO PER
JUDY BACKHOUSE, IN PRO PER
94657 Grange Rd.
Gold Beach OR 97444-9510

YU    EXHIBIT B  4

**Exhibit C**

**Budgets September 30, 2015 Strike Motion and Proof of Service**

1 | Andrew D. Weiss SBN 121149
**LAW OFFICES OF ANDREW D. WEISS**
2 | 26459 Rancho Parkway South
Lake Forest, CA 92630
3 | Tele: (949) 360-9478
Fax: (949) 360-0302
4 | Email: oclawadw@aol.com
Attorney for Defendant
5 | Budget Transmission #2, Inc.

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN BERNARDINO**

10                **CIVIL DIVISION, SAN BERNARDINO DISTRICT**

11 | ELEHUE K. FREEMON AND JUDY
BACKHOUSE                              | Case Number: CIVDS1309372
12 |
13 |                                       | Date: December 8, 2015
|                                        | Time: 8 :30 a.m.
|         Plaintiffs,                     | Dept. S24
14 |
15 |       v.                              | **NOTICE OF MOTION AND MOTION TO
STRIKE PLAINTIFFS' FOURTH
AMENDED COMPLAINT;
16 |                                       | MEMORANDUM OF POINTS AND
BUDGET TRANSMISSION II, INC.; Fox Farm  | AUTHORITIES IN SUPPORT THEREOF**
17 | Auto Spa; California Consumer Affairs; Denise D.
Brown as Director of California Consumer | Assigned for All Purposes to:
18 | Affairs; and Bureau of Automotive Repair; and   | Judge Donna Garza
Doe 1-100, Inclusive                     | Dept. S24
19 |
20 |       Defendants.                      | Date Filed: August 7, 2013
|                                        | Trial Date: None Set

21        **TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

22        **YOU ARE HEREBY NOTIFIED** that on December 8, 2015 at 8:30 a.m. or as soon thereafter

23 | as the matter may be heard, in Department S24 of the above-named court, a hearing will be held on the

24 | Motion to Strike Plaintiffs' Fourth Amended Complaint of defendant Budget Transmission #2, Inc.

25        Budget Transmission #2, Inc. hereby moves to strike the Plaintiffs' Fourth Amended Complaint

26 | in its entirety.

27

28

1

Notice of Motion and Motion to Strike Plaintiffs' Fourth Amended Complaint; Memorandum of
Points and Authorities in Support Thereof

42   EXHIBIT C -1

**PROOF OF SERVICE**
1013a (3) CCP

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 26459 Rancho Parkway South, Lake Forest, California 92630.

On <u>September 30, 2015</u>, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action as follows:

John G. Wilcoxson                     Elehue K. Freemon
The Grinder Law Group                 Judy Backhouse
120 Tustin Avenue, G-1095             94657 Grange Road
Newport Beach, CA   92663             Gold Beach, OR   97444
Telephone: (949) 287-5540, x 102      Telephone: (949) 291-7422
Facsimile:  (949) 287-4241
E-Mail: service@lglawcon.com
Attorney for Defendants Fox Farm Auto Spa
and Automobile Club of Southern California

 X   By U.S. Mail

By placing copies of the above-described document in envelopes, addressed as set forth above, with first class postage pre-paid for delivery to the above named persons at the above-listed address and depositing such envelopes in a U.S. Mail collection box.

Executed on <u>September 30, 2015</u> at Lake Forest, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Nicole Williams

Andrew D. Weiss
Law Offices of Andrew D. Weiss
26459 Rancho Parkway South
Lake Forest, CA   92630

97444395510  R001

Elehue K. Freemon
94657 Grange Road
Gold Beach, OR   97444

UNITED STATES POSTAGE
$000.70⁵
PITNEY BOWES
02 1P
0001093995  SEP 30  2015
MAILED FROM ZIP CODE 92630

44   EXHIBIT=3

**Exhibit D**

**Budgets October 7, 2015 Reclassification Motion and Proof of Service**

1  Andrew D. Weiss SBN 121149
2  **LAW OFFICES OF ANDREW D. WEISS**
   26459 Rancho Parkway South
   Lake Forest, CA 92630
3  Tele: (949) 360-9478
   Fax: (949) 360-0302
4  Email: oclawadw@aol.com
   Attorney for Defendant
5  Budget Transmission #2, Inc.

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN BERNARDINO**

10             **CIVIL DIVISION, SAN BERNARDINO DISTRICT**

11  ELEHUE K. FREEMON AND JUDY          Case Number: CIVDS1309372
    BACKHOUSE
12                                       Date: December 8, 2015
                                         Time: 8 :30 a.m.
13          Plaintiffs,                  Dept. S24

14
                                         **NOTICE OF MOTION AND MOTION TO**
15        v.                             **RECLASSIFY ACTION AS A LIMITED**
                                         **JURISDICTION CASE; MEMORANDUM**
16                                       **OF POINTS AND AUTHORITIES IN**
    BUDGET TRANSMISSION II, INC.; Fox Farm  **SUPPORT THEREOF; SUPPORTING**
17  Auto Spa; California Consumer Affairs; Denise D.  **DECLARATION**
    Brown as Director of California Consumer
18  Affairs; and Bureau of Automotive Repair; and  Assigned for All Purposes to:
    Doe 1-100, Inclusive                 Judge Donna Garza
19                                       Dept. S24

20          Defendants.                  Date Filed: August 7, 2013
                                         Trial Date: August 8, 2016
21

22      **TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

23      **YOU ARE HEREBY NOTIFIED** that on December 8, 2015, at 8:30 a.m. or as soon thereafter

24  as the matter may be heard, in Department S24 of the above-named court, a hearing will be held on the

25  Motion to Reclassify Action as a Limited Jurisdiction Case of defendant Budget Transmission #2, Inc.

26      Budget Transmission #2, Inc. hereby moves to reclassify the above-captioned action as a limited

27  jurisdiction case pursuant to Sections 403.040 of the Code of Civil Procedure on the basis Plaintiffs'

28

                                         1
   ───────────────────────────────────────────────────────────
   Notice of Motion and Motion to Reclassify Action as a Limited Jurisdiction Case; Memorandum of
            Points and Authorities in Support Thereof; Supporting Declaration

                              4/6    EXHIBIT  D  1

**PROOF OF SERVICE**
1013a (3) CCP

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action: my business address is 26459 Rancho Parkway South, Lake Forest, California 92630.

On October 7, 2015, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO RECLASSIFY ACTION AS A LIMITED JURISDICTION CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATION**

on the interested parties in this action as follows:

John G. Wilcoxson                                   Elehue K. Freemon
The Grinder Law Group                               Judy Backhouse
120 Tustin Avenue, G-1095                           94657 Grange Road
Newport Beach, CA  92663                            Gold Beach, OR  97444
Telephone: (949) 287-5540, x 102                    Telephone: (949) 291-7422
Facsimile:  (949) 287-4241
E-Mail: service@lglawcon.com
Attorney for Defendants Fox Farm Auto Spa
and Automobile Club of Southern California

__X__  By U.S.  Mail

By placing copies of the above-described document in envelopes, addressed as set forth above, with first class postage pre-paid for delivery to the above named persons at the above-listed address and depositing such envelopes in a U.S. Mail collection box.

Executed on October 7, 2015 at Lake Forest, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Nicole Williams

47    EXHIBIT D 2

**LAW OFFICES OF ANDREW D. WEISS**
26459 Rancho Parkway South
Lake Forest, CA 92630

Elehue K. Freemon
Judy Backhouse
94657 Grange Road
Gold Beach, OR   97444

**Exhibit E**

**Revised Fourth Amended Complaint [Introduction]**

ELEHUE FREEMON, PRO SE
94657 Grange Rd, Oregon,
Gold Beach, Oregon   97444
949 291 7422
AND
JUDY BACKHOUSE, PRO SE
94657 Grange Rd, Oregon, 97444
Gold Beach, Oregon   97444

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **ELEHUE FREEMON AND JUDY BACKHOUSE** | **Case No.  CIVDS1309372** |
| **Plaintiff,** | **PLAINTIFFS NOTICE TO REVISE VERIFIED FOURTH AMENDED COMPLAINT FILED BEFORE DEFENDANTS RESPONSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| **vs.** | |
| **BUDGET TRANSMISSION II, INC.; FOX FARM AUTO SPA; AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA and DOES 1-100, inclusive,** | **Original Filed: 08/07/2013 1st Amended Filed: 05/14/2014 Date: Time: Dept: S24J Trial Date: Judge: Honorable Donna Gunnell Garza** |
| **Defendants.** | |

Plaintiffs, MR. ELEHUE FREEMON and MS JUDY BACKHOUSE (hereinafter "PLAINTIFFS"), respectfully submits the following Points and Authorities in support of Plaintiffs reasons to amend-revise Plaintiffs Fourth Amended Complaint against Defendants' Budget Transmissions II, Inc ("Budget"), Fox Farm Auto Spa ("Fox") and Automobile Club of Southern California ("AAA") on information and belief, alleges as follows:

       As late defendants have not served the last two Motions and/or Reponses to the Plaintiffs as Individual Parties in the correct manner as required under Court Rules 3.110 and other relevant Court Rules and Regulations of service to multiple parties, even though having being warned of the filing-serving discrepancies.  Therefore defendants have been technically only

SO    EXHIBIT E-1

filed their motions or pleadings to one of the parties, generally not serving Ms Judy Backhouse at all.    Wherefore under Code of Civil Procedure § 472 the Plaintiffs have elected Not to default defendants under No serviced option but rather Revise or Amend the Fourth Amended Complaint on the latest findings and understanding of California Code of Regulations 16 §§ 3361.1, 3361.1[c]; 3371 and 3373 as relating to Civil Code §§ 3294[a], and [c][1][3] whereby complying with the Courts Order to clarify Punitive Damages Claims.  The Plaintiffs believe this will simplify the paper work for the Court and Plaintiffs in complying with the Courts Order of August 13, 2015 in a timely manner and in hopes the defendants will correct their relaxed servicing due diligence towards Plaintiffs.

Dated October 15, 2015.

Plaintiffs, Mr. Elehue K. Freemon, Pro Se and

Ms Judy Backhouse, Pro Se

/////
/////

## I.  MEMORANDUM OF POINTS AND AUTHORITIES

[a] Authorities

1.     Code of Civil Procedure § 472.  Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, and the time in which the adverse party must respond thereto shall be computed from the date of notice of the amendment.

## II.     STATEMENTS OF FACTS

2.     On September 30, 2015 a Strike Motion response against Plaintiffs Fourth Amended Complaint was only addressed and sent to Plaintiff Mr. Elehue K Freemon.          Exhibit A, Addressed envelope to Mr. Elehue K Freemon.               The envelope was addressed only to Mr. Elehue K Freemon with only <u>one</u> copy of defendants Motion to Strike Plaintiff Fourth Amended Complaint.  Though Budgets proof of service states that Ms Judy Backhouse was also served this was not the case.

3.     Defendants were notified to discontinue this practice with a courtesy telephone call in August 2015 but as the court can see Plaintiffs were ignored.    As far as defendants Fox and AAA defendants also only filed a single copy for both of Plaintiffs apparently to share.  The issue in this case to which party gets the only mailed AAA-Fox demurrer copy now brings uncertainty upon the service of filing to Plaintiffs as Pro Ses' and not as attorneys.

4.     In reviewing Plaintiffs options with defendants continued service errors Plaintiffs have elected to revise Plaintiffs Fourth Amended Complaint and re-serve the defendants after the forty day period which defendants had time to correct their serving error and defendants have Not.

/////

## III. ARGUMENT

5.     As stated above the reasons for defendants neglect is unknown and is unacceptable to Plaintiffs.  Due to the defendants lack of due diligence Plaintiffs would have to continue to share the only response copy to read until another copy was available to the other party, again this is not acceptable as Pro Ses and not being Attorneys at Law.   See Code of Civil Procedure 417.10.              Exhibit A, Budget Envolope

Plaintiffs Notice to Revise Fourth Amended Complaint For Punitive Damages

52     EXHIBIT E-3

6.    Wherefore we request the Court to accept this revision of the Fourth Amended Complaint

under CCP 472 and deny the issued September 30, 2015 pleadings filed to the court as lacking

proper service in responding to the Plaintiffs first isssued Fourth Amended Complaint or Parties

by defendants Budget and Fox-AAA.

/////

/////

## VERIFICATION

We, ELEHUE FREEMON and JUDY BACKHOUSE, the Plaintiffs in this matter,

declare that we have read the foregoing Notice to Revise Fourth Amended Complaint and know

the contents thereof.  The same is true of our own knowledge, except as to those matters which

are therein represented on information and belief, and as to those matters, we believe to be true.

We declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

**Dated**: October 15, 2015.

Plaintiffs, Mr. Elehue K. Freemon, Pro Se and

Ms Judy Backhouse, Pro Se

/////

/////

53    EXHIBIT E-4

Andrew D. Weiss
Law Offices of Andrew D. Weiss
26459 Rancho Parkway South
Lake Forest, CA  92630

9744439510 R001

Elehue K. Freemon
94657 Grange Road
Gold Beach, OR  97444



UNITED STATES POSTAGE

5-1    EXHIBIT E-5

Andrew D. Weiss
Law Offices of Andrew D. Weiss
26459 Rancho Parkway South
Lake Forest, CA  92630

9744385510 RC01

Elehue K. Freemon
94657 Grange Road
Gold Beach, OR  97444



55    EXHIBIT E.-6

**PROOF OF SERVICE**
1013a (3) CCP

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 26459 Rancho Parkway South, Lake Forest, California 92630.

On September 30, 2015, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action as follows:

John G. Wilcoxson
The Grinder Law Group
120 Tustin Avenue, G-1095
Newport Beach, CA  92663
Telephone: (949) 287-5540, x 102
Facsimile: (949) 287-4241
E-Mail: service@lglawcon.com
Attorney for Defendants Fox Farm Auto Spa
and Automobile Club of Southern California

Elehue K. Freemon
Judy Backhouse
94657 Grange Road
Gold Beach, OR  97444
Telephone: (949) 291-7422

 X   By U.S. Mail

By placing copies of the above-described document in envelopes, addressed as set forth above, with first class postage pre-paid for delivery to the above named persons at the above-listed address and depositing such envelopes in a U.S. Mail collection box.

Executed on September 30, 2015 at Lake Forest, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Nicole Williams

56        EXHIBIT E-7

**Exhibit F**
**Weiss Declaration on November 30, 2015, Strike Motion**

57

1  Andrew D. Weiss SBN 121149
   **LAW OFFICES OF ANDREW D. WEISS**
2  26459 Rancho Parkway South
   Lake Forest, CA 92630
3  Tele: (949) 360-9478
   Fax: (949) 360-0302
4  Email: oclawadw@aol.com
   Attorney for Defendant
5  Budget Transmission #2, Inc.

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN BERNARDINO**

10               **CIVIL DIVISION, SAN BERNARDINO DISTRICT**

11  ELEHUE K. FREEMON AND JUDY          Case Number: CIVDS1309372
    BACKHOUSE
12                                       Date: December 8, 2015
                                         Time: 8 :30 a.m.
13          Plaintiffs,                   Dept. S24

14                                       **DECLARATION AS REPLY FOR**
                                         **BUDGET TRANSMISSION'S MOTION TO**
15          v.                           **STRIKE PLAINTIFFS' FOURTH**
                                         **AMENDED COMPLAINT**
16  BUDGET TRANSMISSION II, INC.; Fox Farm
    Auto Spa; California Consumer Affairs; Denise D.   Assigned for All Purposes to:
17  Brown as Director of California Consumer            Judge Donna Garza
    Affairs; and Bureau of Automotive Repair; and      Dept. S24
18  Doe 1-100, Inclusive
                                         Date Filed: August 7, 2013
19                                       Trial Date: None Set

20          Defendants.

21       I, Andrew D. Weiss, declare:

22       1. I am an attorney duly admitted to practice before all courts of the State of California . I am

23  the attorney of record for defendant Budget Transmission #2, Inc. in the above-referenced action. I make

24  this declaration as a reply for the Motion to Strike Plaintiffs' Fourth Amended Complaint filed by Budget

25  Transmission #2, Inc.

26

27

28
                                         1
    Declaration as Reply for Budget Transmission's Motion to Strike Plaintiffs' Fourth Amended
                                    Complaint

                              58    EXHIBIT F -1

1    2. I have personal knowledge of the facts set forth in this declaration, except as to those matters

2 stated on information and belief, and as to those matters, I believe them to be true. If called as a witness

3 in this action, I could and would competently testify to the matters set forth herein.

4    3. On September 30, 2015, my assistant, Nicole Williams, served a Notice of Motion and Motion

5 to Strike Plaintiffs' Fourth Amended Complaint; Memorandum of Points and Authorities in Support

6 Thereof ("Motion to Strike Fourth Amended Complaint") on Plaintiffs by U.S. Mail.

7    4. On October 21, 2015, I spoke by telephone with plaintiff Elehue Freemon to discuss settlement

8 and to suggest stipulating to combine the December 4 and December 8, 2015 pending hearings. During

9 that conversation Mr. Freemon acknowledge receipt of the Motion to Strike Fourth Amended Complaint

10 but complained that I should have served two copies of the motion, one for him and one for Judy

11 Backhouse.

12    5. In order to accommodate Mr. Freemon's request, on October 22, 2015, I mailed two additional

13 copies of the Motion to Strike Fourth Amended Complaint to Mr. Freemon and Ms. Backhouse along

14 with a cover letter, a copy of which is attached hereto as Exhibit 1.

15    6. On November 30, 2015, I checked the Court's Web site and confirmed that Plaintiffs had not

16 filed any opposition to the Motion to Strike Fourth Amended Complaint.

17    7. On November 30, 3015, I spoke with plaintiff Elehue Freemon by telephone. He confirmed

18 that neither he nor Mr. Backhouse had filed any opposition to the Motion to Strike Fourth Amended

19 Complaint.

20    I declare under penalty of perjury under the laws of the State of California that the foregoing is

21 true and correct. Executed in this 30th day of November, 2015, at Lake Forest, California.

22

23

24    Andrew D. Weiss

25 L:\FileCenter\Open Cases\Budget Trans\WP\Pleadings\RP for Motion to Strike 4th Amended CM.wpd

26

27

28

---

2

Declaration as Reply for Budget Transmission's Motion to Strike Plaintiffs' Fourth Amended
Complaint

59    EXHIBIT F-2

# EXHIBIT 1

60        EXHIBIT F-3

**LAW OFFICES OF ANDREW D. WEISS**
**26459 Rancho Parkway South**
**Lake Forest, CA 92630-8326**

Area Code 949
Telephone 360-9478
Facsimile  360-0302

Andrew D. Weiss

October 22, 2015

Elehue K. Freemon
Judy Backhouse
94657 Grange Road
Gold Beach, OR   97444


Re:    Freemon v. Budget Transmission


Dear Mr. Freemon and Ms. Backhouse:

I write to confirm my telephone conversation with Mr. Freemon on October 21, 2015. During our conversation we again discussed settlement of the claims against Budget Transmission but were not able to reach any resolution.

I also proposed consolidating the December 4, 2015 and December 8, 2015 hearings. Again, we could not reach agreement.  Mr. Freemon complained that my office did not provide you with two copies of the Motion to Strike and Motion to Reclassify.  As you have filed joint pleadings, and reside at the same address, I do not believe service of multiple copies of the same document is required or environmentally sound.  However, in order to avoid any hardship you may suffer in having to share a pleading, I am enclosing two copies each of the Motion to Strike and the Motion to Reclassify.

I have also enclosed a proposed stipulation to consolidate the hearings, if you change your mind on that matter.

Should you have any questions, please do not hesitate to contact my.

Very Truly Yours,

Andrew D. Weiss

Enclosures

L:\FileCenter\Open Cases\Budget Trans\WP\Cor\Freemon 01.wpd

61      EXHIBIT F-4

1

**PROOF OF SERVICE**
1013a (3) CCP

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 26459 Rancho Parkway South, Lake Forest, California 92630.

4

5

On November 30, 2015, I served the foregoing document described as:

6

**DECLARATION AS REPLY FOR BUDGET TRANSMISSION'S MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT**

7

8

9

on the interested parties in this action as follows:

10

John G. Wilcoxson                    Elehue K. Freemon
The Grinder Law Group                94657 Grange Road

11

120 Tustin Avenue, C-1095            Gold Beach, OR  97444
Newport Beach, CA  92663             Telephone: (949) 291-7422

12

Telephone: (949) 287-5540, x 102
Facsimile:  (949) 287-4241           Judy Backhouse

13

E-Mail: service@lglawcon.com         94657 Grange Road
Attorney for Defendants Fox Farm Auto Spa   Gold Beach, OR  97444

14

and Automobile Club of Southern California

15

16   _X_  By U.S. Mail

17

By placing copies of the above-described document in envelopes, addressed as set forth above, with first class postage pre-paid for delivery to the above named persons at the above-listed address and depositing such envelopes in a U.S. Mail collection box.

18

19

Executed on November 30, 2015 at Lake Forest, California.

20

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

_____

23

Nicole Williams

24

25

26

27

28

62   EXHIBIT F-5



UNITED STATES POSTAGE
$000.70⁶
02 1P
000 1093995 NOV 30 2015
MAILED FROM ZIP CODE 92630
PITNEY BOWES

Judy Backhouse
94657 Grange Road
Gold Beach, OR  97444

Andrew D. Weiss
Law Offices of Andrew D. Weiss
26459 Rancho Parkway South
Lake Forest, CA  92630

UNITED STATES POSTAGE
$000.70⁶
02 1P
000 1093995 NOV 30 2015
MAILED FROM ZIP CODE 92630
PITNEY BOWES

Elehue K. Freemon
94657 Grange Road
Gold Beach, OR  97444

Andrew D. Weiss
Law Offices of Andrew D. Weiss
26459 Rancho Parkway South
Lake Forest, CA  92630

63   EXHIBIT F-6

**Exhibit G**

**Weiss Declaration on November 30, 2015, Reclassification Motion**

Andrew D. Weiss SBN 121149
**LAW OFFICES OF ANDREW D. WEISS**
26459 Rancho Parkway South
Lake Forest, CA 92630
Tele: (949) 360-9478
Fax: (949) 360-0302
Email: oclawadw@aol.com
Attorney for Defendant
Budget Transmission #2, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

**CIVIL DIVISION, SAN BERNARDINO DISTRICT**

| | |
|---|---|
| ELEHUE K. FREEMON AND JUDY BACKHOUSE<br><br>Plaintiffs,<br><br>v.<br><br>BUDGET TRANSMISSION II, INC.; Fox Farm Auto Spa; California Consumer Affairs; Denise D. Brown as Director of California Consumer Affairs; and Bureau of Automotive Repair; and Doe 1-100, Inclusive<br><br>Defendants. | Case Number: CIVDS1309372<br><br>Date: December 8, 2015<br>Time: 8 :30 a.m.<br>Dept. S24<br><br>**DECLARATION AS REPLY FOR BUDGET TRANSMISSION'S MOTION TO RECLASSIFY ACTION AS A LIMITED JURISDICTION CASE**<br><br>Assigned for All Purposes to:<br>Judge Donna Garza<br>Dept. S24<br><br>Date Filed: August 7, 2013<br>Trial Date: August 8, 2016 |

I, Andrew D. Weiss, declare:

1. I am an attorney duly admitted to practice before all courts of the State of California . I am the attorney of record for defendant Budget Transmission #2, Inc. in the above-referenced action. I make this declaration as a reply for the Motion to Reclassify Action as a Limited Jurisdiction Case filed by Budget Transmission.

---

1

Declaration as Reply for Budget Transmission's Motion to Reclassify Action as a Limited Jurisdiction Case

65    EXHIBIT G-1

1    2. I have personal knowledge of the facts set forth in this declaration, except as to those matters
2  stated on information and belief, and as to those matters, I believe them to be true. If called as a witness
3  in this action, I could and would competently testify to the matters set forth herein.

4    3. On September 30, 2015, my assistant, Nicole Williams served a Notice of Motion and Motion
5  to Reclassify Action as a Limited Jurisdiction Case; Memorandum of Points and Authorities in Support
6  Thereof; Supporting Declaration ("Motion to Reclassify") on Plaintiffs by U.S. Mail.

7    4. On October 21, 2015, I spoke by telephone with plaintiff Elehue Freemon to discuss settlement
8  and to suggest stipulating to combine the December 4 and December 8, 2015 pending hearings. During
9  that conversation Mr. Freemon acknowledge receipt of the Motion to Reclassify but complained that I
10  should have served two copies of the motion, one for him and one for Judy Backhouse.

11    5. In order to accommodate Mr. Freemon's request, on October 22, 2015, I mailed two additional
12  copies of the Motion to Reclassify to Mr. Freemon and Ms. Backhouse along with a cover letter, a copy
13  of which is attached hereto as Exhibit 1.

14    6. On November 30, 2015, I checked the Court's Web site and confirmed that Plaintiffs had not
15  filed any opposition to the Motion to Reclassify.

16    7. On November 30, 3015, I spoke with plaintiff Elehue Freemon by telephone. He confirmed
17  that neither he nor Mr. Backhouse had filed any opposition to the Motion to Reclassify.

18    I declare under penalty of perjury under the laws of the State of California that the foregoing is
19  true and correct. Executed in this 30th day of November, 2015, at Lake Forest, California.

20

21                                                    Andrew D. Weiss

22

23

24

25

26

27

28

---

2

Declaration as Reply for Budget Transmission's Motion to Reclassify Action as a Limited
Jurisdiction Case

66  EXHIBIT G-2

# EXHIBIT 1

EXHIBIT G-3

**LAW OFFICES OF ANDREW D. WEISS**
**26459 Rancho Parkway South**
**Lake Forest, CA 92630-8326**

Area Code 949
Telephone 360-9478
Facsimile 360-0302

Andrew D. Weiss

October 22, 2015

Elehue K. Freemon
Judy Backhouse
94657 Grange Road
Gold Beach, OR   97444

Re:   <u>Freemon v. Budget Transmission</u>

Dear Mr. Freemon and Ms. Backhouse:

I write to confirm my telephone conversation with Mr. Freemon on October 21, 2015. During our conversation we again discussed settlement of the claims against Budget Transmission but were not able to reach any resolution.

I also proposed consolidating the December 4, 2015 and December 8, 2015 hearings. Again, we could not reach agreement. Mr. Freemon complained that my office did not provide you with two copies of the Motion to Strike and Motion to Reclassify. As you have filed joint pleadings, and reside at the same address, I do not believe service of multiple copies of the same document is required or environmentally sound. However, in order to avoid any hardship you may suffer in having to share a pleading, I am enclosing two copies each of the Motion to Strike and the Motion to Reclassify.

I have also enclosed a proposed stipulation to consolidate the hearings, if you change your mind on that matter.

Should you have any questions, please do not hesitate to contact my.

Very Truly Yours,

Andrew D. Weiss

Enclosures

L:\FileCenter\Open Cases\Budget Trans\WP\Cor\Freemon 01.wpd

6E

EXHIBIT G-4

1

## PROOF OF SERVICE
1013a (3) CCP

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

   I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party

4  to the within action; my business address is 26459 Rancho Parkway South, Lake Forest, California 92630.

5     On <u>November 30, 2015,</u> I served the foregoing document described as:

6

7  **DECLARATION AS REPLY FOR BUDGET TRANSMISSION'S MOTION TO RECLASSIFY ACTION AS A LIMITED JURISDICTION CASE**

8

   on the interested parties in this action as follows:

9

10   John G. Wilcoxson                          Elehue K. Freemon
     The Grinder Law Group                      94657 Grange Road
11   120 Tustin Avenue, C-1095                  Gold Beach, OR  97444
     Newport Beach, CA  92663                   Telephone: (949) 291-7422
12   Telephone: (949) 287-5540, x 102
     Facsimile: (949) 287-4241                  Judy Backhouse
13   E-Mail: service@lglawcon.com               94657 Grange Road
     Attorney for Defendants Fox Farm Auto Spa  Gold Beach, OR  97444
14   and Automobile Club of Southern California

15

  X  By U.S. Mail

16

   By placing copies of the above-described document in envelopes, addressed as set forth above, with
17  first class postage pre-paid for delivery to the above named persons at the above-listed address and
   depositing such envelopes in a U.S. Mail collection box.

18

   Executed on <u>November 30, 2015</u> Lake Forest, California.

19

   I declare under penalty of perjury under the laws of the State of California that the above is true and
20  correct.

21

22                                          _____
                                            Nicole Williams

23

24

25

26

27

28

69

EXHIBIT G-5

**Exhibit H**

**Official Recorders Transcripts of December 4 and 8 of Pre-trial Hearing Proceedings**

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2               IN AND FOR THE COUNTY OF SAN BERNARDINO

 3    DEPARTMENT S24               HON. DONNA GUNNELL GARZA, JUDGE

 4

 5    ELEHUE FREEMON,                 )
                                      )
 6                       Plaintiff,   )
                                      )
 7    vs.                             )  No. CIVDS1309372
                                      )      E065157
 8    BUDGET TRANSMISSION,            )
                                      )
 9                       Defendant.   )
      _____)

10

11

12             REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS
                      SAN BERNARDINO, CALIFORNIA
13      August 13, 2015; December 4, 2015; December 8, 2015

14

15    APPEARANCES:

16    FOR THE PEOPLE:         ELEHUE K. FREEMON
                              94657 Grange Road
17                            Gold Beach, Oregon 97444

18    FOR THE DEFENDANT       ANDREW D. WEISS
      BUDGET TRANSMISSION:    SCOTT ABERNATHY
19                            Attorneys at Law
                              26459 Rancho Parkway South
20                            Lake Forest, California 92630

21    FOR THE DEFENDANT       JOHN WILCOX
      FOX FARM AUTO SPA:      Attorney at Law
22

23    Reported By:           DEENA MACIAS, C.S.R.
                             Official Reporter, CSR-9826
24                                    and
                             STACEY DETTMERS, C.S.R.
25                             Pro Tempore Reporter, CSR-13303
                                      and
26                             MARY ANDERSON, C.S.R
                             Official Reporter, CSR-10319
```

1                    M A S T E R   I N D E X

2                         APPEARANCES

3

4    DATE:                                          PAGE    VOL

5    THURSDAY        AUGUST 13, 2015     A.M.         1       1

6    FRIDAY          DECEMBER 4, 2015    A.M.         8       1

7    TUESDAY         DECEMBER 8, 2015    A.M.        18       1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

72    EXHIBIT H - ii

1    SAN BERNARDINO, CALIFORNIA; THURSDAY, AUGUST 13, 2015

2                         MORNING SESSION

3    DEPARTMENT NO. S24        HON. DONNA GUNNELL GARZA, JUDGE

4    APPEARANCES:

5              (PLAINTIFF ELEHUE K. FREEMON, In Propria

6              Persona; ANDREW WEISS, Attorney at Law,

7              representing DEFENDANT BUDGET

8              TRANSMISSION.)

9              (Deena A. Macias, Official Reporter,

10             C.S.R. No. 9826.)

11

12             THE COURT:  Number two, Freemon versus Budget

13   Transmission.

14             MR. FREEMON:  Good morning, your Honor.  Elehue

15   Freemon for Plaintiff.

16             MR. WEISS:  Good morning, your Honor.  Andrew

17   Weiss for Budget Transmission.

18             THE COURT:  This is on the Court's calendar today

19   for a motion to strike.  I've had an opportunity to read

20   and consider the motions that have been filed before me.

21             There were three different areas in which the

22   motion to strike addressed -- 3 or 4.  I am going to grant

23   the motion to strike.  The first one being for the punitive

24   damages.  That would be claims damages at Page 42, line 9.

25             I am going to grant leave to amend the punitive

26   damage allegation.  The reason why I'm doing that, in the

73    Ex H-1