1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

JUDY BACKHOUSE, et al.,

12

  Plaintiffs,

13

  v.

14

ANDREW WEISS, et al.,

15
16

  Defendants.

17

CASE NO. 5:17-CV-00357-DSF (SK)

**ORDER DISMISSING ACTION**

18    Plaintiffs are two *pro se* state-court litigants who lost a breach of
19 contract action in San Bernardino County Superior Court.  They then filed a
20 federal complaint here under 42 U.S.C. § 1983, alleging that the two private
21 attorneys who represented the defendants in the state court action (the
22 "Attorney-Defendants") and four state court judges who presided as trial and
23 appellate judges over the action (the "Judicial-Defendants") denied them
24 due process and equal protection.  (Complaint ("Compl."), ECF No. 1).
25 Plaintiffs assert that Attorney-Defendants and Judicial-Defendants
26 committed fraud during the state court litigation, which led to an
27 unfavorable judgment that was then improperly affirmed on appeal.
28 (Compl. at 3-10, 12-15).  Plaintiffs request that this Court void the state

court judgment, restart the state court action, grant their motion for default judgment, and award compensatory damages.  (Compl. at 20-21).  Defendants have moved to dismiss the Complaint on several grounds, including lack of state action by the Attorney-Defendants and judicial immunity for the Judicial-Defendants.  (ECF Nos. 13, 14).  Because Plaintiffs cannot state a claim upon which relief may be granted under § 1983, Defendants' motions to dismiss are granted and Plaintiffs' complaint is ordered dismissed without leave to amend.

To begin with, Plaintiffs cannot state a claim against the Attorney-Defendants.  To state a claim under § 1983, the plaintiff must allege that a civil rights violation was committed by a person "acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Private attorneys in a breach of contract lawsuit do not act under color of state law.  *See id.* at 50.  For purposes of § 1983 liability, therefore, it does not matter what misconduct Plaintiffs allege the Attorney-Defendants committed in defending their clients.  *See Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").  It is possible Plaintiffs may have other recourse for any alleged attorney misconduct, but § 1983 is not an available remedy.

Nor can Plaintiffs state a claim against the Judicial-Defendants.  Judges are immune from suit under § 1983 for actions taken in their judicial capacity, even when those actions are alleged to be malicious or corrupt.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).  However Plaintiffs may try to characterize the Judicial-Defendants' orders, actions, and decisions that did not go their way, they remain quintessential judicial functions entitled to absolute immunity under § 1983.  *See Mireles v. Waco*, 502 U.S. 9, 12 (1991).  There is no merit to Plaintiffs' argument that the Judicial-

Defendants lacked jurisdiction because their case was purportedly misclassified as a limited civil case.  (ECF No. 24 at 12-13; ECF No. 26 at 7-9).  Designation as a limited civil case only means that "the court has no authority (i.e., jurisdiction) to award a judgment in excess of $25,000." *Ytuarte v. Superior Court*, 129 Cal. App. 4th 266, 275 (2005).  It does not mean the state court lacked jurisdiction over the subject matter and the parties in the lawsuit.  *See Avery v. Cty. of Santa Clara*, No. 11-CV-04456-LHK, 2012 WL 5522554, at *9 (N.D. Cal. Nov. 13, 2012) ("a Superior Court that enters judgment in a limited civil case that could or should have been reclassified as an unlimited civil case does not lack fundamental jurisdiction.").  Equally meritless is Plaintiffs' argument that allegedly inaccurate proofs of service attached to certain motions filed by the state-court defendants divested the trial court of jurisdiction.  (ECF No. 24 at 12-13; ECF No. 26 at 7-9).  Such defects in proof of service after all the parties have appeared and begun litigating a case are "not jurisdictional." *Lum v. Mission Inn Found., Inc.*, 180 Cal. App. 3d 967, 971 (1986).

IT IS THEREFORE ORDERED that Defendants' motions to dismiss the Complaint are GRANTED and the Complaint is ordered DISMISSED. Leave to amend is DENIED because Plaintiffs cannot allege facts that could cure the legal deficiencies in their Complaint.  Judgment dismissing this action with prejudice shall be entered accordingly.

**IT IS SO ORDERED.**

DATED:   10/13/17

DALE S. FISCHER
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE

3